DeGasperi *v.* Valicenti (et ux., Appellant).

Argued April 13, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*A. S. Fingold,* for appellant.

*Jerome M. Libenson,* with him *Lampl, Kirshner & Libenson,* for appellee.

OPINION BY MONTGOMERY, J., June 13, 1962:

The appellee, Frank DeGasperi, filed a suit in assumpsit against Fred Valicenti and Carmela Valicenti, the appellant, to recover the remainder of an amount still due and owing for stone masonry work done on three houses being built by Fred Valicenti, under three oral contracts with Fred Valicenti alone. The claim against appellant was based on quasi contracts and not on expressed or implied ones, it being alleged that she owned the lots on which the houses were erected and had received without payment the benefit of appellee's services.

The evidence established that title to the three lots had been in appellant's name when the work was started and that title to two remained in her name after it was finished; however, she had conveyed the third lot before completion of appellee's work but retained the proceeds of the sale. This appeal by Carmela followed the entry of judgment on a verdict against both.

The sole issue is whether or not Carmela Valicenti, having accepted the use and benefit of the appellee's services, is legally liable therefor.

Appellant's argument is based on the lack of conversation or agreement, either express or implied, between Carmela Valicenti and the appellee. A contract implied in law is a fictional contract, or a quasi contract, whereby a duty is imposed upon a person, not because of any express or implied promise on his part to perform it, but rather is imposed upon him by law and in spite of any intention he may have to the contrary. It is entirely different from a contract implied in fact, which is an actual contract, and which arises where the parties agreed upon the obligation to be incurred but their intention, instead of being expressed in words, is inferred from their acts in the light of the surrounding circumstances. *Cameron v. Eynon,* 332 Pa. 529, 3 A. 2d 423; *Colish v. Goldstein,* 196 Pa. Superior Ct. 188, 173 A. 2d 749. Contracts implied in law, or quasi contracts, will be presumed where no proper contract exists, express or implied, and where it is necessary to account for a relation found to exist between the parties. *Thomas v. R. J. Reynolds Tobacco Company,* 350 Pa. 262, 38 A. 2d 61.

It is well established that a person who has been unjustly enriched at the expense of another must make restitution to the other. *Binns v. First National Bank of California, Pennsylvania,* 367 Pa. 359, 80 A. 2d 768.

Here the services performed benefited the property owned by Carmela Valicenti since she acquired and enjoyed the use of the appellee's labors which clearly enhanced the value of her properties. The testimony shows that under a "family arrangement" the property and the bank account from which payments on contracts were drawn were held in the appellant's name. Her husband testified that when he and his son ran out of work they constructed a house on a lot owned by the

appellant, and upon its sale the proceeds were used to pay outstanding subcontractors before paying the appellant for the lot or dividing the profits.

It may be concluded from the testimony that Fred Valicenti, with the consent of his wife, conducted the construction business and at the same time attempted to conceal his profits and his family's assets behind the legal ownership of his wife. The effect of these procedures, described by the lower court as the "family arrangement", would result, where creditors were not paid, in an unjust enrichment of the appellant. A review of the evidence and the inferences therefrom most favorable to the appellee fully support the findings of the jury and subsequent opinion of the lower court that the appellant was a proper party to the action on the basis of a contract implied in law for the debt due and owing the appellee.

Judgment affirmed.