Roman Mosaic & Tile Co., Inc., Appellant, v.
Vollrath.

Argued September 12, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*Edwin S. Heins, Jr.,* with him *Raspin, Espenshade & Heins,* for appellant.

No appearance made nor brief filed for appellee.

OPINION BY SPAETH, J., December 11, 1973:

Appellant, Roman Mosaic & Tile Co., Inc., installed a terrazzo tile floor in the Glenside Laundromat located on Limekiln Pike in Glenside, Pennsylvania. The work was done pursuant to a written contract dated November 25, 1966. The promissor named in the contract is Paul S. Vollrath Associates, Inc. (hereinafter "the corporation"). Paul S. Vollrath signed the contract without indicating the capacity in which he acted. The contract price for the work was two thousand dollars. Only one thousand dollars was paid. Appellant instituted an assumpsit action against the corporation and Paul S. Vollrath to recover the balance.

After it was brought to appellant's attention that the owners of the laundromat were Paul S. Vollrath and Geraldine Vollrath, trading as Vollrath Investments, appellant instituted a suit against them individually and under their fictitious name. This second suit

proceeded on two theories: first, that the corporation and Paul S. Vollrath had acted as agents for the defendants in executing the contract, and second, that the defendants had knowingly obtained a direct benefit in the form of an improvement to their real estate, resulting in their unjust enrichment.

The two suits were tried together. The court directed a verdict against the corporation. The jury found Paul Vollrath liable in the first suit. In the second, it rendered a verdict in favor of the defendants. Thus, Geraldine Vollrath was relieved of liability, and appellant could not reach her personal property or any property held by herself and her husband as tenants by the entireties. Wanting to reach those assets, appellant filed a motion for judgment n.o.v., which the court en banc denied. We affirm.

There is no evidence that Paul Vollrath acted on behalf of his wife or Vollrath Investments when he signed the contract. Although he had the power to bind his wife, subject to her express or tacit acquiescence, to a contract that would benefit them both, *Schweitzer v. Evans*, 360 Pa. 552, 63 A. 2d 39 (1949), nothing suggests that he exercised that power. Geraldine Vollrath would only be liable on the contract if her husband, as her agent or as agent for Vollrath Investments, intended to act on her account when he executed the contract. Restatement (Second) of Agency, §199 (1958). For the same reason, ratification of the contract by Mrs. Vollrath cannot be inferred from any retention of its benefits by her. *McRoberts v. Phelps*, 391 Pa. 591, 138 A. 2d 439 (1958); Restatement (Second) of Agency §85.

Nor has appellant substantiated its claim of unjust enrichment. The doctrine of unjust enrichment is clearly "inapplicable when the relationship between the parties is founded on a written agreement or express contract. Third National Bank & Trust Co. of Scranton v. Lehigh Valley Coal Company, 353 Pa. 185, 193, 44 A.

2d 571 (1945)." *Schott v. Westinghouse Elec. Corp.*, 436 Pa. 279, 290, 259 A. 2d 443, 448 (1969). Appellant, however, is seeking to invoke the doctrine against a person who was not a party to the contract, *i.e.*, Mrs. Vollrath. "It is elementary law that no person can be sued for breach of contract who has not contracted, either in person or by an agent; or in other words who was not a party to the contract." *Wolff v. Wilson*, 28 Pa. Superior Ct. 511, 515 (1905). The doctrine of unjust enrichment cannot be used to circumvent this principle merely by substituting one promissor or debtor for another. *Cascaden v. Magryta*, 247 Mich. 267, 225 N.W. 511 (1929). It is not enough that Mrs. Vollrath received some benefit from the contract. To sustain the claim, appellant must show that she wrongfully secured or passively received a benefit that it would be unconscionable for her to retain. *In re Brereton's Estate*, 388 Pa. 206, 212, 130 A. 2d 453, 457 (1957). Thus, although appellant conferred a benefit on Mrs. Vollrath, since it was done pursuant to a contract with the corporation and her husband, appellant cannot secure relief from her unless she did something misleading or otherwise improper in connection with the contract. *Kemp v. Majestic Amusement Co.*, 427 Pa. 429, 234 A. 2d 846 (1967); *Meehan v. Cheltenham Twp.*, 410 Pa. 446, 189 A. 2d 593 (1963); Restatement of Restitution §110 (1937). There is no evidence of such conduct here. Appellant apparently relied only on the credit of Paul Vollrath and the corporation. It had previously done work for them during the construction of the Johnsville Naval Air Development Center under a subcontract. No misrepresentations were made concerning the ownership of the laundromat; appellant simply did not investigate who did own it.

This case is distinguishable from *DeGasperi v. Valicenti*, 198 Pa. Superior Ct. 455, 181 A. 2d 862 (1962). There a man orally contracted with the plaintiff for

masonry work to be done on three houses on lots owned by his wife. This court held that the wife (who was the appellant) was a proper party to an action based on unjust enrichment. The evidence, however, showed more than a benefit to the wife because of the plaintiff's efforts. " '[U]nder a family arrangement' the property and the bank accounts from which payment on contracts were drawn were held in the appellant's name." *Id.* at 457, 181 A. 2d at 864. Her husband, with her consent, "conducted the construction business and at the same time attempted to conceal his profits and family's assets behind the legal ownership of his wife." *Id.* at 458, 181 A. 2d at 864. There is no evidence in the present case to suggest that the Vollrath's assets were juggled to make it appear that they were Mrs. Vollrath's alone, or that the Vollraths otherwise sought to work a fraud on their creditors.

The order of the court below is affirmed.