420 A.2d 1125

CROSSGATES REALTY, INC., Appellant,

v.

Thomas L. MOORE and Constance L. Moore, his wife, and Edward J. Plocki and Josephine A. Plocki, his wife.

Superior Court of Pennsylvania.

Argued Nov. 14, 1979.

Filed June 27, 1980.

248

Gerald S. Lesher, Pittsburgh, for appellant.

Henry E. Rea, Jr., Pittsburgh, for appellees.

Before PRICE, HESTER and CAVANAUGH, JJ.

CAVANAUGH, Judge:

This case involves a dispute over certain real estate owned by Edward J. and Josephine A. Plocki. Thomas L. Moore, as an agent for appellants, Crossgates Realty, Inc. (hereinafter "Crossgates") was asked to negotiate a lease on behalf of Crossgates with an option to purchase the property from Mr. and Mrs. Plocki. Moore arranged several meetings with the Plocki's to which he took his wife, Constance, the appellee. As a result of these meetings, the Plocki's signed an agreement to lease the property for one year to Crossgates, which Moore signed as Crossgates' agent, and an agreement of sale between the Plocki's as sellers and Thomas and Constance Moore as purchasers. Upon learning of this agreement, the officers of Crossgates demanded that the Moores convey their interests in the property to Crossgates. Mr. Moore refused and consequently was discharged from the employ of Crossgates. Crossgates then filed a complaint in equity against Mr. and Mrs. Moore seeking to enjoin them from transferring the real estate to anyone other than appellants and an Order directing them to assign their interest in the Agreement of Sale to Crossgates.

After a full hearing the Chancellor found that Thomas L. Moore was an agent of Crossgates and had breached his fiduciary duty to Crossgates when he entered into the agreement of sale. The Chancellor directed Moore to assign his interest in the Plocki real estate to Crossgates. The Chancellor also found Mrs. Moore owed no duty to Crossgates and therefore did not require a transfer of her interest in the property to Crossgates. Exceptions were filed to the Chancellor's decision, which the lower court en banc affirmed. This appeal followed.

As to the involvement of Mrs. Moore, the Chancellor found the following: Mrs. Moore was employed full time by Bell Telephone Company and was, herself, a licensed real estate salesperson even though her license was being held in escrow in Harrisburg. She and her husband made other real estate investments, both being actual investors. The Chancellor noted that the testimony does not indicate that Mrs. Moore was aware that her husband was not dealing in good faith with his principal, and found that her participation was entirely that of an innocent investor who determined independently that the investment was a good one for her and her husband. Thus, the Chancellor held that Mrs. Moore was wholly innocent of any wrongdoing and that she possesses independent rights which must be protected.

■ The findings of a Chancellor, affirmed by the court en banc, have the effect of a jury verdict and may not be reversed unless a review of the record reveals that they are unsupported by the evidence or predicated upon erroneous inferences and deductions or errors of law. *Payne v. Kassab*, 468 Pa. 226, 361 A.2d 263 (1976); *Sterrett v. Sterrett*, 401 Pa. 583, 166 A.2d 1 (1960); *Livingston v. Livingston*, 275 Pa.Super. 285, 418 A.2d 724 (1980).

The appellant argues that the lower court holding as to Constance Moore should be reversed, as she should not be able to retain an interest in real estate she obtained by her husband's wrongful act despite her innocence. In support of

this claim, Crossgates cites *Scott v. Purcell*, 264 Pa.Super. 354, 399 A.2d 1088 (1979).[1] This case involved a situation similar to the one before us. The evidence indicated that Purcell, acting as agent for Scott, negotiated the purchase of real estate owned by a Mrs. Ferguson. The agreement of sale, however, was entered into by Ferguson as seller and Lancer Development Corporation as purchaser. Subsequently, the property was conveyed to Oaklander Associates, a limited partnership, of which Purcell was one of several partners. Oaklander Associates was formed two or three months after the agreement of sale was entered into.

Scott brought an action in equity against Purcell and Oaklander Associates seeking imposition of a constructive trust on the realty. In an appeal from the granting of a non–suit, this Court found sufficient evidence to impose a constructive trust on Purcell's interest in that Purcell was acting as an agent and as such breached his fiduciary duty to Scott. As to a constructive trust on the interest of Oaklander Associates, the court found that, while evidence did not support a conclusion that Oaklander ratified the acts of Purcell, a trust could be constructed on the theory of unjust enrichment. In granting a new trial the court stated:

> The case is otherwise with respect to unjust enrichment. In *Buchanan v. Brentwood Federal Savings and Loan Association, supra,* the Supreme Court stated that the imposition of a constructive trust on the property in question would be proper if the appellants were able to show on remand that the appellees had been unjustly enriched; such a showing .would amount to "a general assertion that the ends of public policy and substantial justice demand that a constructive trust be impressed." *Buchanan v. Brentwood Federal Savings and Loan Association, supra* 457 Pa. at 155, 320 A.2d at 128. Recently, we said that to sustain a claim of unjust enrichment, "appel-

1. We note that the lower court rendered its opinion in this matter prior to this court's decision in *Scott v. Purcell.*

lant must show that she wrongfully secured or passively received a benefit that it would be unconscionable for her to retain." *Roman Mosaic and Tile Co., Inc. v. Vollrath,* 226 Pa.Super. 215, 218, 313 A.2d 305, 307 (1973); *See generally Moreland v. Metrovich,* 249 Pa.Super. 88, 375 A.2d 772 (1977); *Kimball v. Barr Township supra; Restatement of Restitution* §§ 160, 194 (1937). Here, appellant has made no showing that Oaklander Associates "wrongfully secured" the property in question, but he has shown that it "passively received a benefit that it would be unconscionable for [it] to retain." The fact that Oaklander Associates may not on the present record be held to have known of Purcell's wrongful acts does not refute the basic point that it was given a chance to buy the property, only because Purcell violated his duties to appellant as appellant's agent.

399 A.2d at 1095.

We find the court's conclusion in *Scott* to be controlling in this case. Like the limited partnership in *Scott,* the Chancellor found that there was no evidence of knowledge or wrongful intent on the part of Constance Moore. Nevertheless, she "passively[2] received a benefit that it would be unconscionable for her to retain." It is clear that a showing of knowledge or wrongful intent on the part of the benefited party is not necessary in order to show unjust enrichment. Rather, the focus is on the resultant unjust enrichment; not on the party's intention. *See Gee v. Eberle,* 279 Pa.Super. 101 at 119, 420 A.2d 1050 at 1059, (1980); *Scott v. Purcell,* 264 Pa.Super. at 367, 399 A.2d at 1095. Thus while we are bound by the Chancellor's finding supported by the record that Mrs. Moore was uninvolved in her husband's conflict of interest, the record also reveals that she would not have had the benefit of the purchase agreement were it not for his breach of duty.

2. We read the word "passively" here, not as denoting inactivity, but rather, the innocence of the party benefiting from another's wrongdoing.

■ Appellees argue that our holding in *Roman Mosaic and Tile Co., Inc. v. Vollrath, supra,* is controlling. In *Roman*, a contract was entered into by the husband, Paul Vollrath, for the installation of a tile floor in a laundromat owned by Mr. and Mrs. Vollrath, trading as Vollrath Investments. The promissor named in the contract was Paul S. Vollrath Associates, Inc. Paul Vollrath signed the contract without indicating the capacity in which he acted. There was no evidence that he acted on behalf of his wife or Vollrath Investments when he signed the contract. The mere failure of performance by one of the contracting parties does not give rise to a right of restitution against a third party in the absence of some misleading by the third party. *Kemp v. Majestic Amusement Co.,* 427 Pa. 429, 234 A.2d 846 (1967); Restatement of Restitution § 110 (1937). The court held that although Mrs. Vollrath may have received a benefit, relief could not be secured against her since it was done pursuant to a contract between the appellant therein and her husband and the corporation.[3] In the instant case the claim of unjust enrichment is not made by a party to a contract seeking to enforce the contract as against a third party. Rather, Crossgates, independent of any contract, is seeking imposition of a constructive trust on property gained as a result of its fiduciary's breach of duty. *Roman* then is distinguishable from the instant case as well as *Scott v. Purcell, supra.*

In light of our holding in *Scott*, we find that Mrs. Moore was unjustly enriched and that it would be unconscionable for her to retain her interest in the real estate in question. Therefore, we must conclude that the Chancellor, as affirmed by the lower court en banc, predicated his findings on an error of law.

Order of the lower court is reversed and case remanded for disposition consistent with this opinion.

**3.** The opinion in both *Roman Mosaic* and the later *Scott* decision were authored by Judge Spaeth speaking for a unanimous court (former President Judge Jacobs, Hester and Hoffman, JJ. did not participate in the *Scott* decision.).