## Samuels v. Hendricks

*John M. McClure*, for plaintiff.
*Robert F. Ruehl*, for defendants.

BIEHN, March 19, 1981—Plaintiff filed a complaint against both defendants alleging he has not been paid in full for driveway repairs and landscaping services performed at a property located in Haycock, Bucks County, Pa. At the time the services were performed, the property was owned solely by defendant, Edward N. Hendricks. Sometime after the services were performed Edward Hen-

dricks married defendant, Sarah B. Hendricks, and transferred ownership of the property to both their names.

In the complaint, plaintiff requested the court to enter a money judgment against both husband and wife. In addition, plaintiff has indexed this action as a lis pendens and requests that defendants be enjoined from proceeding with the sale of the property.

Defendants' filed preliminary objections raising two issues;

(1) Whether plaintiff is entitled to an injunction, and

(2) Whether the complaint sets forth a cause of action against defendant, Sarah B. Hendricks.

Plaintiff does not aver that defendant, Sarah Hendricks, was in any way a party to the transactions between plaintiff and Edward Hendricks, nor does he claim that the transfer of ownership of the property to both names was without fair consideration and in fraud of creditors. The sole basis for plaintiff's claim against Sarah Hendricks is upon a theory of unjust enrichment. To that effect plaintiff avers that Sarah Hendricks received a "substantial benefit" for which plaintiff should be paid. We disagree and therefore sustain the preliminary objections.

"'It is elementary law that no person can be sued for breach of contract who has not contracted, either in person or by an agent; or in other words who was not a party to the contract.' Wolff v. Wilson, 28 Pa. Superior Ct. 511, 515 (1905)," Roman Mosaic & Tile Company, Inc. v. Vollrath, 226 Pa. Superior Ct. 215, 218, 313 A. 2d 305 (1973), and the doctrine of unjust enrichment cannot be used to circumvent this principle. It is not enough that the

party sought to be charged received some benefit from the contract. To support a claim of unjust enrichment, plaintiff must show that receipt and retention of benefits is so unjust that the party receiving the benefits should not be permitted to retain them: Id., Frey v. McLaughlin, 10 Lebanon 235, 243 (1964). In general, unjust enrichment occurs when a party performs under a justifiable belief that he is to be paid by the party sought to be charged, and in so doing, confers a benefit on the other party: Id. Where the case involves the liability of one spouse for the contract of the other, a justifiable belief exists where the facts indicate reliance on an apparent agency relationship between the spouses: Roman Mosaic & Tile, supra.

In the present case, plaintiff does not aver that Sarah Hendricks was a party to any of the transactions between himself and Edward Hendricks. Defendants were not married at the time the services were performed and there is nothing to indicate that plaintiff was aware of Sarah Hendricks' existence when the work was done. Clearly, plaintiff did not perform under any belief that he would be paid by Sarah Hendricks. On the contrary, Sarah Hendricks is one who merely received an incidental benefit from the transactions between plaintiff and Edward Hendricks and as such is not liable to plaintiff on a theory of unjust enrichment.

In addition, as plaintiff does not aver that the transfer of ownership of the property into the names of both defendants was without fair consideration or in fraud of creditors, we must follow the rule in Pennsylvania that property owned by a husband and wife as tenants by the entireties is not subject to the claims of their individual creditors and may be sold without infringing on the rights of

their individual creditors: Stauffer v. Stauffer, 465 Pa. 558, 351 A. 2d 236 (1976). As plaintiff is an individual creditor of Edward Hendricks, it follows that defendants would not infringe on plaintiff's rights by selling their property. Accordingly, we do not find this a proper case in which to enjoin the sale of real estate.

Wherefore, the following was entered on January 23, 1981.

## ORDER

It is hereby ordered and directed that defendant's preliminary objection to equity jurisdiction be sustained and plaintiff's complaint be certified to the law side of the court.

It is further ordered and directed that defendant's preliminary objection in the nature of a demurrer be sustained with respect to defendant, Sarah B. Hendricks, and that plaintiff's complaint be dismissed with respect to defendant, Sarah B. Hendricks.