## Heisler v. Kress

*Timothy E. Kane,* for plaintiff.
*Maria Musti Cook,* for defendants.

CHRONISTER, *J.*, October 14, 1987—This matter is before the court on defendant's preliminary objections.

The facts are that defendants Richard Kress, Sheldon Jontiff and Lawrence P. Burman t/a Queen Street Associates are the lessee of property located at 75 Acco Drive, York, Pa., owned by defendant York County Industrial Development Authority. Queen Street Associates sublet the said premises to Sunbeds International Inc. On or about July 9, 1984, Sunbeds entered into two contracts with plaintiff, Heisler t/a Heisler and Sons, for the installation of heating and cooling equipment. Plaintiff fully performed the contract, but Sunbeds has failed and refused to pay the balance due on the contract. Plaintiff filed complaint on May 5, 1987, demanding judgment against defendants in the amount of $5,973.25 based on an unjust enrichment theory. On June 5, 1987, defendants filed preliminary objections in the nature of a demurrer to plaintiff's complaint.

Defendants in their preliminary objections claim that they are not liable because they were not a party to the contracts nor did they in any way induce plaintiff to enter into the contracts with Sunbeds. Defendants cited *Kemp v. Majestic Amusement Co.*, 427 Pa. 429, 239 A.2d 846 (1967), a case with facts identical to the case at bar, and the Restatement of Restitution §110. Both the *Kemp* case and the Restatement provide that no unjust enrichment may be found in the absence of some misleading by a third party; the mere failure of performance does

not give rise to the right of restitution against the third party.

The court agrees with defendants' finding that the two cases plaintiff cited which abolish the injustice requirement do so only with respect to constructive trust cases and that the injustice requirement is still applicable in cases where the cause of action is quasi-contractual in nature: *Gee v. Eberle*, 279 Pa. Super. 101, 420 A.2d 1050 (1980), *Crossgates v. Moore*, 279 Pa. Super, 247, 420 A.2d 1125 (1980). The *Crossgates* case, which plaintiff cites to bolster his argument, makes this distinction. The Superior Court in *Crossgates* distinguishes *Roman Mosaic v. Vollrath*, 256 Pa. Super. 215, 313 A.2d 305 (1973), a case in which unjust enrichment was sought based on quasi-contractual relief, and the *Crossgates* case, in which unjust enrichment was sought under constructive trust theory.

"The court (in *Roman Mosaic*) held that although Mrs. Vollrath may have received a benefit, relief could not be secured against her since it was done pursuant to a contract between the appellant therein and her husband and the corporation. In the instant case, the claim of unjust enrichment is not made by a party to a contract seeking to enforce the contract as against a third party. Rather, Crossgates, independent of any contract is seeking a position of a constuctive trust on property gained as a result of its fiduciary's breach of duty. *Roman* then is distinguishable from the instant case . . . ." *Crossgates* at 253, 420 A.2d at 1128.

Based on this distinction, the *Crossgates* court determined that unjust enrichment may be found without a showing of injustice or third-party misleading in constructive trust cases; cases based on quasi-contractual relief still require a showing.

The court accepts the Superior Court's reasoning in *Crossgates* and finds that in the present case, since plaintiff is seeking to enforce rights under a contract instead of imposing a constructive trust, misleading activity is necessary before unjust enrichment can be considered. Plaintiff fails to allege misleading activity of the defendants in this case.

## ORDER

And now, this October 14, 1987, the court grants defendants' preliminary objections, and gives plaintiff 30 days to file an amended complaint.