**FLEETWAY LEASING COMPANY,**
**Appellant,**

v.

**Frances R. WRIGHT, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 30, 1997.

Filed July 10, 1997.

Harriet R. Litz, Philadelphia, for appellant.

Victor M. Verbeke, West Conshohocken, for appellee.

Before CAVANAUGH, BECK and KELLY, JJ.

KELLY, Judge:

In this appeal we are asked to determine whether the trial court erred in granting appellee's, Frances R. Wright's, motion for summary judgment. Based upon the reasoning set forth below, we hold that appellee terminated all her liability arising from the automobile accident on July 31, 1992 when she tendered payment to the lessee of the damaged vehicle, Martin Holloway. Thus, we affirm the order of the trial court granting appellee's motion for summary judgment.

The relevant facts and procedural history of this appeal are as follows. Appellant, Fleetway Leasing Company, leased an automobile to Martin Holloway ("Holloway") on December 5, 1990. On July 31, 1992, the automobile, while being operated by Holloway, was involved in an accident with a car driven by appellee. Immediately after the accident, Holloway identified himself to appellee as the sole owner of the vehicle. Additionally, on August 20, 1992, Holloway completed a "Report of Damage" for the accident in which he purported to be the sole owner of the vehicle he was operating at the time of the accident. At no time did Holloway ever inform appellee that the vehicle was being leased from appellant.

Based upon the representations by Holloway that he was the sole owner of the vehi-

cle, appellee entered into negotiations with him regarding property damage to the vehicle. Subsequently, Holloway and appellee agreed to settle the claim for $9,686.09. Appellee tendered payment in good faith to Holloway in full satisfaction of the claims for property damage. The money paid to Holloway was not used to repair the vehicle and Holloway never turned over the money to appellant as required by the terms of their lease agreement.[1] Holloway absconded the area with the money and left no forwarding address.

Appellant initiated this action in the Court of Common Pleas of Delaware County on May 16, 1994. Appellant sought to recover from appellee the $9,686.09 paid to Holloway for property damage to the leased vehicle. Subsequently, both parties stipulated to the above-mentioned facts and filed for a judicial determination on cross-motions for summary judgment. On June 20, 1996, the trial court, per Judge Patricia H. Jenkins, entered an order granting appellee's motion for summary judgment. Appellant filed a timely notice of appeal on July 10, 1996.

Appellant raises the following issues for our review:

1. WHETHER A TORTFEASOR BEARS THE BURDEN OF MINIMALLY VERIFYING THE CLAIMS OF OWNERSHIP OF A DAMAGED MOTOR VEHICLE BEFORE COMPENSATING THE CLAIMANT.

2. WHETHER THE TORTFEASOR'S OWN MISTAKE IN COMPENSATING A CLAIMANT SHOULD BE REVERSED EVEN THOUGH THE TORTFEASOR HERSELF WAS IN THE BEST POSITION OF ANY PARTY OF PREVENTING THE MISTAKE.

(Appellant's Brief at 3).

At the outset, we note that we will reverse a grant of summary judgment only when the

---

1. Paragraph 7 of the lease agreement states in pertinent part:

LESSEE AT HIS OWN EXPENSE SHALL CARRY INSURANCE protecting lessor against collision and comprehensive damage to the vehicle and against liability for property damage and personal injury and **naming Lessor as additional insured**... In the event of loss or damage of or to the vehicle, injuries to persons

or property arising from an accident involving the vehicle, ... Lessee shall give written notice to Lessor immediately including details. Lessee agrees to pay Lessor at once for any loss or damage of or to the vehicle not paid by the insurance, and to pay Lessor at once any money paid to Lessee by anyone for loss or damage of or to the vehicle.

trial court has committed an error of law or abused its discretion. *Butterfield v. Giuntoli,* 448 Pa.Super. 1, 11, 670 A.2d 646, 651 (1995), *allocatur denied,* 546 Pa. 635, 683 A.2d 875 (1996); *Accu–Weather v. Prospect Communications,* 435 Pa.Super. 93, 99, 644 A.2d 1251, 1254 (1994). Furthermore, we are not bound by the trial court's conclusions of law, but may draw our own inferences and reach our own conclusion. *Butterfield v. Giuntoli, supra* at 11, 670 A.2d at 651 (citing *Dauphin Deposit Trust Company v. World Mutual Health and Accident Insurance Company of Pennsylvania,* 206 Pa.Super. 406, 409, 213 A.2d 116, 117 (1965)).

The trial court, relying on *Artkraft Strauss Sign Corporation v. Dimeling,* 429 Pa.Super. 65, 631 A.2d 1058 (1993), determined that appellant should bear the loss caused by Holloway. Under *Artkraft,* where one of two innocent parties suffers a loss due to the fraud of a third party, the innocent party who has accredited the third party must bear the loss. *Id.* at 70, 631 A.2d at 1061 (citing *Rothman v. Fillette,* 503 Pa. 259, 265, 469 A.2d 543, 545 (1983)). The trial court found that appellant, by entering into a lease agreement with Holloway, put him in a position of trust and confidence which enabled him to abscond with the settlement proceeds paid by appellee. Thus, the trial court concluded that appellant must bear the loss caused by Holloway's conduct.

 We need not address Judge Jenkins' conclusion that appellant must bear the loss because it put Holloway in a position of trust and confidence.[2] We find that under the terms of the lease agreement between Holloway and appellant, Holloway had the authority to settle the claim and accept payment from appellee. Thus, appellee tendered payment to the correct party when she paid Holloway, thereby terminating all her liability arising from the accident with the leased vehicle. We reach this conclusion for the following reasons.

 It is well settled that a lease is in the nature of a contract and is controlled by

principles of contract law. *Willison v. Consolidation Coal Company,* 536 Pa. 49, 54, 637 A.2d 979, 982 (1994); *Warren v. Greenfield,* 407 Pa.Super. 600, 606, 595 A.2d 1308, 1311 (1991). Under Pennsylvania contract law, when language of a contract is clear and unambiguous, its meaning must be determined by examination of the contract itself. *Little v. Little,* 441 Pa.Super. 185, 190, 657 A.2d 12, 15 (1995); *Walton v. Philadelphia National Bank,* 376 Pa.Super. 329, 339, 545 A.2d 1383, 1388 (1988). The rights and duties of the parties to a lease agreement are to be found in the agreement itself, and if those rights and duties are to be extended, the burden is on the party claiming an extension of its rights to show that such extension is warranted. *Ross v. Gulf Oil Corporation,* 361 Pa.Super. 228, 231, 522 A.2d 97, 99 (1987), *allocatur denied,* 518 Pa. 613, 540 A.2d 535 (1987) (citing *Harnish v. Shannon,* 12 Pa.D. & C.2d 54, 60, 64 (1958), *affirmed,* 392 Pa. 419, 141 A.2d 347 (1958)). Furthermore, where one party has special expertise in the subject matter of contract, silence in the contract will be construed against him or her to prevent overreaching of the less knowledgeable party. *Hertzog v. Jung,* 363 Pa.Super. 439, 447, 526 A.2d 425, 429 (1987), *allocatur denied,* 516 Pa. 641, 533 A.2d 712 (1987). Finally, a form lease will be construed against the party who designed it in order to protect the reasonable expectations of the adhering party. *Ross v. Shawmut Development Corporation,* 460 Pa. 328, 335, 333 A.2d 751, 754 (1975). *See also Ormond Realty v. Ninnis,* 341 Pa.Super. 101, 105, 491 A.2d 169, 172 (1985) (citations omitted) (written agreement must be construed against party who drafted it).

Instantly, paragraph seven of the lease agreement between appellant and Holloway addresses appellant's rights as well as Holloway's duties in the event of damage to the vehicle. Paragraph seven states in pertinent part:

> In the event of loss or damage of or to the vehicle, injuries to persons or property

**2.** Superior Court may affirm the decision of the trial court for reasons other than those relied upon by the trial court as long as the result is correct. *Hutchison by Hutchison v. Luddy,* 417

Pa.Super. 93, 113 n. 7, 611 A.2d 1280, 1291 n. 7 (1992)(citing *Schreffler v. Pa. Ins. Guar. Assn.,* 402 Pa.Super. 309, 586 A.2d 983 (1991)).

arising from an accident involving the vehicle, ... Lessee shall give written notice to Lessor immediately including details. Lessee agrees to pay Lessor at once for any loss or damage of or to the vehicle not paid by the insurance, and to pay Lessor at once any money paid to Lessee by anyone for loss or damage of or to the vehicle. The lease agreement expressly states that appellant is entitled to any money paid to Holloway by a third party for damage to the vehicle. The lease agreement also confers upon Holloway an affirmative duty to turn over any money paid to him for damage to the vehicle.

It is our determination that the rights and duties of each party in the event of an accident are clear and unambiguous as set forth in the terms of the lease. A natural construction of the lease agreement indicates that Holloway could settle a claim and accept payment for damage to the vehicle provided that he "... pay lessor [appellant] at once for any money paid to lessee [Holloway] by anyone for loss or damage to the vehicle...." [3] Additionally, appellant, a professional leasing company, contemplated the possibility of damage to the vehicle and made express provisions in the lease agreement, addressing the rights and responsibilities of each party in the event of an accident. The fact that the lease agreement is silent as to whether Holloway could settle a claim and accept payment for damage to the vehicle requires us to construe the lease against appellant. *See Hertzog v. Jung, supra* (where one party possesses expertise in the subject matter of contract, silence must be construed against him). Thus, we refuse to extend appellant's rights under the lease agreement to include sole authority to settle claims and accept payment for damages to the vehicle where the lease agreement is silent on the matter. *See Ross v. Gulf Oil Corporation, supra* (Superior Court refused to extend lessors' rights under lease to include right to eject lessee for unlawful activity on premises where lease agreement was silent as to lessor's rights in event of unlawful activity on leased premises). Finally, even if we were to determine that the lease agreement was ambiguous as to whether Holloway could settle a claim and accept payment for damages, the rule of construction that an ambiguous lease must be construed against the drafter would lead us to conclude that the lease agreement permitted Holloway to settle a claim and accept payment for damage to the vehicle. *Pierce v. Philadelphia Housing Authority*, 337 Pa.Super. 254, 261 n. 1, 486 A.2d 1004, 1008 n. 1 (1985). *See also Gallagher v. Fidelcor*, 441 Pa.Super. 223, 229, 657 A.2d 31, 34 (1995), *allocatur denied*, 544 Pa. 675, 678 A.2d 365 (1995)(agreement will be construed against drafter when terms are ambiguous).

■ Once it has been determined that Holloway could settle a claim and accept payment for damage to the vehicle, it logically follows that appellee did not make a mistake when she tendered payment to Holloway. Holloway, however, breached his contractual duty to turn over the payment to appellant. In Pennsylvania, a person who is not a party to a contract cannot be held liable for a breach by one of the parties to a contract. *In the Matter of the Estate of Barilla*, 369 Pa.Super. 213, 219, 535 A.2d 125, 128 (1987)(citing *Hampton v. Holmesburg Prison Off'ls*, 546 F.2d 1077, 1082 (3rd Cir.1976)). *See also Crossgates Realty v. Moore*, 279 Pa.Super. 247, 253, 420 A.2d 1125, 1128 (1980)(failure of performance by one of contracting parties does not give rise to right of restitution against third party). Thus, appellee cannot be held liable for Holloway's breach of his contractual duty to remit the money paid by appellee to appellant. Hence, we conclude that appellee terminated all her liability arising from the automobile accident when she ten-

---

**3.** Holloway's right to settle a claim and accept payment for damages to the vehicle is subject to paragraph 15 of the lease agreement which states in pertinent part:

 15. Lessee shall pay Lessor forthwith the following charges if applicable regardless of whether or not due to Lessee's negligence ...
 (d) retail expenses to repair any damage to the vehicle other than from normal wear and tear but including paint scratches dents and any signs found thereon.

Thus, Holloway had a duty to compensate appellant for any damage to the vehicle not covered by his negotiated settlement with a third party for damage to the vehicle.

dered payment to Holloway. Appellant's only recourse is to bring an action for breach of contract against Holloway.[4]

Finally, we must address appellant's contention that the law of agency prohibits Holloway from settling a claim and accepting payment for damage to the vehicle. Appellant argues that where the parties to an agreement do not explicitly state their intention to create an agency relationship, no agency may be implied. Thus, appellant maintains that because the lease agreement does not expressly state that Holloway may act as an agent of appellant, he may not settle a claim or accept a payment for damage to the vehicle on its behalf. We disagree with appellant's application of the law of agency in order to construe the terms of a lease agreement.

We stated previously that a lease is in the nature of a contract and is controlled by principles of contract law. *Willison v. Consolidation Coal Company, supra* at 54, 637 A.2d at 982; *Warren v. Greenfield, supra* at 606, 595 A.2d at 1311. Thus, appellant's application of principles of agency in determining the rights and obligations of parties to a lease agreement is misplaced.

Based upon the foregoing analysis, we conclude that Holloway had the authority to settle claims and accept payment for damages to the leased vehicle. Thus, appellee tendered payment to the correct party when she paid Holloway for damage to the vehicle, terminating all her liability arising from the automobile accident on July 31, 1992. Accordingly, we affirm the order of the trial court granting appellee's motion for summary judgment.[5]

Order affirmed.

---

4. We might have arrived at a different conclusion if appellant had reserved the right to settle a claim and accept payment for property damage to the vehicle. Under those circumstances, payment to Holloway would have constituted a payment to the wrong party, necessitating an examination of the duty of care owed by appellee to ensure payment to the correct party.

5. We need not address either of appellant's issues raised on appeal because both issues are predicated upon the assumption that appellee made a mistake when she paid Holloway for damage to the vehicle. Our determination that Holloway could settle a claim and accept payment for damage to the vehicle renders both of appellant's issues moot because no mistake was made when appellee tendered payment to Holloway.