NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2438
_____

GLES INC,
f/t/a/ Sweet Oil Company

v.

MK REAL ESTATE DEVELOPER & TRADE COMPANY;
MANINDER KOHLI; HARMEET KOHLI,

Maninder Kohli; Harmeet Kohli,
Appellants
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 08-cv-01447)
Magistrate Judge:  Honorable Karen M. Williams
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 22, 2013

Before:  RENDELL, FISHER and GARTH, <u>Circuit Judges</u>

(Opinion filed: January 23, 2013)
_____

OPINION OF THE COURT
_____

PER CURIAM

Appellants, Maninder Kohli and Harmeet Kohli (the "Kohlis"), a husband and

wife who operate retail gasoline businesses, appeal pro se a judgment entered against

them in a breach of contract action brought by GLeS, Inc., d/b/a Sweet Oil Company ("Sweet Oil"), a gasoline wholesale distributor. For the reasons that follow, we will affirm.

The parties are familiar with the facts, so we will only briefly revisit them here. In December 2005, after approximately one year of negotiations, Sweet Oil and the Kohlis entered into a Sales Agreement. That Agreement, which stated that it was to be "governed and construed in accordance with Delaware law," required that the Kohlis purchase a minimum quantity of gas from Sweet Oil over a 10 year period.[1] The Sales Agreement included an Addendum, which provided that the Kohlis would convert two gas stations, located in Swedesboro and Pole Tavern, New Jersey, to the "BP" brand. As part of the agreement, the Kohlis would "receive from BP" a "branding incentive" of $30,000 per site, plus 2 cents per gallon of gas purchased during the first 36 months of the Sales Agreement. The Kohlis were required to pay for all materials used in the rebranding, but Sweet Oil was responsible for ordering the branding materials and paying for the installation costs.

---

[1] The parties to the Sales Agreement were Sweet Oil and MK Real Estate Developer & Trade Company, which is owned solely by the Kohlis. Under the Agreement, the Kohlis personally guaranteed all obligations of MK Real Estate. Although MK Real Estate was named as a defendant in the underlying complaint, it has been dismissed as a party to this appeal because no attorney entered an appearance on its behalf. Simbraw v. United States, 367 F.2d 373 (3d Cir. 1966) (per curiam) (noting that a corporation must be represented   by a licensed attorney).

In March 2008, Sweet Oil filed a complaint in the United States District Court for the District of New Jersey, alleging that the Kohlis failed to pay several invoices for gasoline purchases and branding costs. The Kohlis filed a counterclaim, asserting that Sweet Oil did not properly credit them with the branding incentives and did not reimburse them for labor expenses associated with the installation of rebranding materials. In response, Sweet Oil denied that a branding incentive agreement existed between it and the Kohlis, and claimed that BP had notified the Kohlis that they were ineligible for the incentives because they failed to fully brand their gas stations. The attorneys for the parties consented to proceed before a Magistrate Judge. See Frank v. Cnty. of Hudson, 962 F. Supp. 41, 43 (D.N.J. 1997) (stating that an "attorney's consent to proceed before a magistrate judge is sufficient under the statute."). Following a bench trial, the Magistrate Judge entered judgment in favor of Sweet Oil in the amount of $244,210.97, which represented the outstanding invoices plus interest, and ruled against the Kohlis on their counterclaim. Gles, Inc. v. MK Real Estate Developer & Trade Co., 2011 WL 1769818 (D.N.J. May 6, 2011) (not precedential). The Kohlis appealed.

We have jurisdiction pursuant to 28 U.S.C. §§ 636(c)(3) and 1291. In general, we review a District Court's findings of fact following a bench trial for clear error, but we exercise "plenary review over [the][D]istrict [C]ourt's conclusions of law" and its "choice and interpretation of legal precepts." Am. Soc'y for Testing & Materials v. Corrpro Cos., 478 F.3d 557, 566 (3d Cir. 2007) (quotation marks omitted).

3

The Kohlis challenge the rejection of their counterclaim. In particular, the Kohlis assert that they were entitled to "an up-front, lump sum $60,000 branding incentive and a 3-year, 2 cent per gallon credit−promised by [Sweet Oil] in its contract with the [Kohlis]." The Addendum to the Sales Agreement provides that the Kohlis "will re-brand the Swedesboro Mobil & Pole Tavern Mobil locations to BP effective January 1, 2006" and "will pay for all materials to be used in re-branding the 2 Mobile sites to BP." Paragraph 4 of the Addendum states that the Kohlis "will receive from BP $30,000.00 per site for branding incentive, plus 2 cents per gallon of gasoline purchased for the first 36 months of the Sales Agreement (to be paid as per BP's JOIP program)[.]"[2] Prior to trial, the Kohlis stipulated to their understanding that "[i]f [they] met the image requirements as established by BP as the national franchise whose 'brand' [they] were to represent, Branding Incentives would entitle [them] to $30,000 for each of the two stations being re-branded and a $.02 cent per gallon rebate of all gallons sold during the first 36 months of the agreement." The Kohlis also stipulated that, other than paragraph 4 of the Addendum, the only evidence that they were entitled to the branding incentives, and that Sweet Oil had the responsibility to provide those incentives, was "based on past relations."

---

[2] JOIP stands for Jobber Outlet Incentive Program and provides incentives for retailers to acquire and maintain BP gas stations. Details about the JOIP program were not included in the Sales Agreement.

4

Importantly, because BP was not a party to the Sales Agreement, and there was no evidence indicating that BP had an agency relationship with Sweet Oil, BP cannot be held liable under the contract. See Chrysler Corp. v. Airtemp Corp., 426 A.2d 845, 855-56 (Del. Super. Ct. 1980) (holding that "where a contract exists 'no person can be sued for breach of contract who has not contracted either in person or by an agent'") (quoting Roman Mosaic & Tile Co., Inc. v. Vollrath, 313 A.2d 305, 307 (Pa. Super. Ct. 1973)). The Kohlis also claim that Paragraph 4 of the Addendum is ambiguous, and therefore should have been interpreted in light of the parties' prior conduct and industry practice.[3] As Sweet Oil notes, however, the Kohlis did not raise this argument in the District Court. See Corn Plus Coop. v. Cont'l Cas. Co., 516 F.3d 674, 680 (8th Cir. 2008) (holding that the failure to raise before the District Court an argument that an insurance contract provision is ambiguous results in waiver of that argument on appeal). In any event, the Magistrate Judge properly concluded that the Kohlis were not entitled to the incentives because their stations were never fully branded as BP stations. In particular, the Magistrate Judge found that Sweet Oil employees had repeatedly informed the Kohlis

---

[3] The Kohlis assert that "[o]il companies pay incentives 'up front' to jobbers for the conversion of gasoline stations to their brands." The Magistrate Judge found "no need to deviate from the express wording contained in the Agreement" and concluded that the Kohlis' "past agreements with [Sweet Oil] are irrelevant since the testimony and evidence firmly establish that by way of this Agreement [the parties] were entering into an entirely different business arrangement." These determinations were not erroneous. See In re Explorer Pipeline Co., 781 A.2d 705, 713-14 (Del. Ch. 2001) ("[u]nless the contract language is ambiguous, extrinsic evidence may not be used to interpret the intent of the parties, to vary the terms of the contract or to create an ambiguity.") (quotations

about their failure to install and comply with required BP identifiers, such as the Helios sign logo, point of sale material, curb color, canopy lighting, valances for the gas pumps, and uniforms.

The Kohlis also challenge the Magistrate Judge's conclusion that they failed to show that Sweet Oil breached the Sales Agreement by failing to reimburse them for the cost of installing branding material. The Addendum provided that Sweet Oil "will supply all labor to install branding material." While the Kohlis were negotiating the Sales Agreement with Sweet Oil, they elected to make improvements to the gas pumps at the Swedesboro and Pole Ridge stations. In particular, the Kohlis paid Monridge Construction Company ("Monridge") a total of $68,210 for installation of new gas pumps, which included work on piping and blacktop replacement. The Magistrate Judge found that Sweet Oil was not responsible for these costs because the work done by Monridge was not "branding specific" and because the Kohlis "continue to utilize the equipment installed by Monridge at [their] existing stations[,] unlike any BP branding materials which have been removed." We agree.

Finally, we note that the Kohlis have submitted numerous requests to supplement the record with evidence that was not presented in the District Court. In particular, the Kohlis seek to submit documents allegedly demonstrating that they were not responsible for the cost of the branding materials, that their stations were in compliance with the

and citations omitted).

branding requirements, and that Sweet Oil failed to reveal that it had been doing business since 2005 under another corporate name, GPM Investments, LLC.  Federal Rule of Appellate Procedure Rule 10(e) permits correction or modification of the record "[i]f anything material to either party is omitted from . . . the record by error or accident . . . ."  In this case, we conclude that there is no reason to employ Rule 10(e) or any equitable power we may have to include the evidence identified in the Kohlis' motions, because that evidence was either previously available or not material to their claims.  See In re Cmty. Bank of N. Va., 418 F.3d 277, 317 n.32 (3d Cir. 2005).  Accordingly, the Kohlis' motions to supplement the record, their request for leave to file a supplemental appendix, and all pending motions, are denied.

For the foregoing reasons, we will affirm the judgment of the District Court.