**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1179
_____

GLES INC, f/t/a
                other Sweet Oil Company

v.

MK REAL ESTATE DEVELOPER & TRADE COMPANY;
MANINDER KOHLI; HARMEET KOHLI,
                                    Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 08-cv-01447)
Magistrate Judge:  Honorable Karen M. Williams
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 25, 2013
Before:  AMBRO, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed: June 27, 2013)
_____

OPINION
_____

PER CURIAM

Maninder Kohli and Harmeet Kohli (the "Kohlis") appeal an order denying as untimely their motion filed pursuant to Federal Rule of Civil Procedure 60(b). For the reasons that follow, we will affirm.

In March 2008, GLeS, Inc., d/b/a Sweet Oil Company ("Sweet Oil"), a gasoline wholesale distributor, filed a complaint alleging that the Kohlis, who operate retail gasoline businesses, failed to pay several invoices for gasoline purchases and branding costs. The Kohlis filed a counterclaim, asserting that Sweet Oil did not properly credit them with branding incentives after they converted two gas stations to the "BP" brand. The case proceeded to a bench trial before a Magistrate Judge. On May 9, 2011, the Magistrate Judge entered judgment in favor of Sweet Oil in the amount of $244,210.97, and ruled against the Kohlis on their counterclaim. Gles, Inc. v. MK Real Estate Developer & Trade Co., 2011 WL 1769818 (D.N.J. May 6, 2011) (not precedential). Shortly thereafter, Sweet Oil filed a motion for attorneys' fees and costs.[1] On June 21, 2011, the Magistrate Judge granted that motion and entered an amended judgment in favor of Sweet Oil in the amount of $302,671.79.

On June 20, 2012, the Kohlis filed a motion pursuant to Rule 60(b), arguing that the judgment against them should be vacated based on "newly discovered evidence" and

---

[1] While Sweet Oil's motion for attorneys' fees and costs was pending, the Kohlis filed a notice of appeal. We affirmed the judgment of the District Court. GLeS, Inc. v. MK Real Estate Developer & Trade Co., 2013 WL 240436 (3d Cir. Jan. 23, 2013) (not precedential); see also McDonnell v. United States, 4 F.3d 1227, 1236 (3d Cir. 1993) (stating that "[e]ven if a motion for attorneys' fees is still pending in the district court, that motion does not constitute a bar to our exercise of jurisdiction under § 1291.").

2

"fraud, misrepresentation, or misconduct," by Sweet Oil. See Fed. R. Civ. P. 60(b)(2) and 60(b)(3). The next month, the Kohlis filed a motion to amend their Rule 60(b) motion. Notably, the Kohlis did not challenge the award of attorneys' fees or costs set forth in the amended judgment. Instead, their argument centered on issues related to the initial judgment, namely, an allegation that Sweet Oil failed to reveal that it had been doing business since 2005 under another corporate name, GPM Investments, LLC. The Magistrate Judge denied the Rule 60(b) motion as untimely filed, and denied the motion to amend as moot. The Kohlis appealed.

A Rule 60(b)(2) motion grounded on newly discovered evidence, or a Rule 60(b)(3) motion grounded on fraud, misrepresentation, or misconduct of an adverse party, must be filed within one year after judgment is entered. See Fed. R. Civ. Pro. 60(c)(1). Here, the Magistrate Judge entered the judgment on May 6, 2011, and the Kohlis filed their Rule 60(b) motion challenging that judgment over 13 months later, on June 20, 2012. The one year limitations period was not tolled by the Kohlis' appeal to this Court, Moolenaar v. Gov't of the V.I., 822 F.2d 1342, 1346 n.5 (3d Cir. 1987), nor was it extended by the entry of the amended judgment awarding attorneys' fees and costs to Sweet Oil, see Jones v. Swanson, 512 F.3d 1045, 1049 (8th Cir. 2008) (holding that the limitations period applicable to Rule 60(b) motions was not affected by an amended judgment that "left in place the jury's finding of tort liability and only altered the award of damages.").

3

Under these circumstances, we conclude that the District Court properly determined that the Kohlis' Rule 60(b) motion was time-barred. Accordingly, we will affirm the judgment of the District Court.[2]

---

[2] Sweet Oil's Motion to Strike Appellants' Appendix and Irrelevant Arguments or, Alternatively, Motion to Supplement the Record is denied.