Kemp *v.* Majestic Amusement Co., Appellant.

Argued September 28, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*James R. Orr,* with him *Elder W. Marshall,* and *Reed, Smith, Shaw & McClay,* for appellant.

*Louis Vaira,* with him *Albert G. Brown,* for appellee.

Opinion by Mr. Justice O'Brien, November 14, 1967:

Plaintiff, Edward L. Kemp, who had installed heating and air conditioning in a commercial building, filed a complaint in equity against the owner of the building (Majestic Amusement Company—appellant), the tenant of the building (William M. Speney), and a bank (Peoples Union Bank and Trust Company of McKeesport). The complaint against Majestic, based on an unjust enrichment theory, sought an injunction prohibiting Majestic from encumbering or transferring the real estate and from selling any of the personal property located thereon, an order directing Majestic to pay plaintiff $20,400 with interest from July 29, 1960, and an order impressing an equitable lien for that sum on the real estate. The action against the bank charged the bank with making an improper levy and sale of the air conditioning equipment, and requested that the sale be set aside as invalid. Speney was eventually dropped from the case.

After preliminary objections to an amended complaint were dismissed, the case was tried before the chancellor. His decree nisi granted relief substantially as plaintiff had requested it. He ordered Majestic to pay plaintiff $20,400 with interest, impressed an equitable lien on the real estate pending payment of such sum, and enjoined Majestic from transferring any of its stock owned by Speney or his wife until such sum was paid. The execution sale of the air conditioning was set aside and the bank enjoined from removing any of the said units from Majestic's premises. Exceptions were dismissed and the decree nisi entered as a final decree. The bank did not appeal.

Majestic Amusement Company, a corporation, has been the owner of a two-story commercial building known as the Palisades in McKeesport, Pennsylvania, since 1907. The property has been managed since 1940

by A. M. Simon. William M. Speney had been the sole tenant under long-term leases for over twenty years at the time of trial. On May 5, 1960, plaintiff contracted with Speney to install heating and air conditioning equipment in the second floor auditorium of the building for $20,400. The contract was made on the sole credit of the tenant without Simon's knowledge, and the installation was completed on July 29, 1960. Simon did not learn of it until the fall of 1960. Subsequent to the installation, the Pennsylvania Department of Labor and Industry ordered Speney to correct an aisle violation caused by the location of two free-standing units in the balcony of the auditorium. The condition was not corrected, all of the units were dismantled, the piping was removed, and the equipment was stored. Speney refused to pay for the system.

Plaintiff sued Speney on the contract and obtained a verdict for $24,186 on December 10, 1963, which was reduced to judgment and is still uncollected. On December 12, 1963, the bank confessed judgment for $27,-825 on a note signed by Speney and his wife and issued execution on the judgment, purchasing among other items, the four air conditioners and two compressors installed by Kemp.

On May 18, 1964, Speney acquired control of Majestic, which he transferred to his wife.

The present complaint was filed in March of 1964. The bank has been sued on the theory that the equipment was part of the realty and hence the execution sale was void. Majestic has been sued on the contention that it has been unjustly enriched by the installation of the heating and air conditioning equipment.

We hold that there has been no unjust enrichment of Majestic. Our disposition of this issue, combined with the fact that the bank has not appealed, makes it unnecessary to consider whether the equipment constitutes realty or personalty, and we express no view on

that matter. Assuming arguendo an enrichment to appellant,[1] such enrichment was not unjust. The controlling principles were stated by this court in *Meehan v. Cheltenham Township*, 410 Pa. 446, 450, 189 A. 2d 593 (1963): "[T]he mere fact that one party benefits from the act of another is not of itself sufficient to justify restitution. There must also be an injustice in permitting the benefit to be retained without compensation.

"The Restatement of Restitution sets forth various rules for the determination of whether the retention of a particular enrichment is unjust. Section 110 deals with the situation where a third party benefits from a contract entered into between two other parties. It provides that, in the absence of some misleading by the third party, the mere failure of performance by one of the contracting parties does not give rise to a right of restitution against the third party. The Restatement gives as an example of this principle the situation where A purchases a ring from C, a jeweler, for his fiancee B and then defaults in the payments. The Restatement states that C cannot recover the ring or its value from B. [footnote omitted]

"The same reasons which preclude recovery in the Restatement illustration are applicable to [Kemp's (substituting the parties in this case)] cause of action. In contracting to perform the services in question, [Kemp] relied solely on the financial credit of

---

[1] Appellee proved the contract price, and produced evidence that appellant was benefited, but produced no evidence as to the amount of benefit. In *Meehan v. Cheltenham Township*, 410 Pa. 446, 450, 189 A. 2d 593 (1963), we said: "[A]ppellant cannot merely allege its own loss as the measure of recovery—i.e., the value of labor and materials expended—but instead must demonstrate that appellee has in fact been benefited". The same principle would apply to a mere allegation of contract price. We need not decide here whether appellee has produced the required quantum of proof.

[Speney]. [Majestic] in no way induced [Kemp] to enter into this relationship. In such a situation, [Kemp] cannot shift the loss resulting from its error in judgment to one who may have been indirectly benefited by the performance of these services."

The evidence in this case does not support a conclusion of misleading on the part of Majestic. The facts are not in dispute. The decree of the court below is based on inferences and deductions from the facts. Its conclusions, being the result of reasoning, are subject to review and correction by this court. *Reilly v. Walker Bros.*, 425 Pa. 1, 229 A. 2d 457 (1967); *Philadelphia Transportation Co. v. Philadelphia Suburban Transportation Co.*, 382 Pa. 365, 115 A. 2d 233 (1955). This court can competently draw the appropriate inferences and conclusions from the evidence, regardless of the action of the court below. *Jury Estate*, 381 Pa. 169, 112 A. 2d 634 (1955); *Brooks v. Conston*, 356 Pa. 69, 51 A. 2d 684 (1947). Although he phrased it in the adjudication as a finding of fact, the chancellor actually inferred from the facts that "Simon abdicated his management duties and Speney was permitted by Majestic to act as the manager and owner of the building." The only evidence of events prior to the Kemp-Speney contract was that Simon (Majestic's agent) was in the building only once a year, and he did not know either when the radiators were disconnected for the installation, or when Speney made repairs. These facts alone cannot support a conclusion of abdication on Simon's part and misleading of Kemp by Majestic. Where a tenant is satisfactory, a landlord might well have no call to visit the premises more often than Simon did. Nor can the subsequent acquisition by Speney of a controlling interest in Majestic support a conclusion of misleading. Any misleading of Kemp had to occur prior to Kemp's contract with Speney.

The case of *Farmers National Bank of Bloomsburg v. Albertson*, 203 Pa. Superior Ct. 205, 199 A. 2d 486 (1964), relied on by appellees, is distinguishable. The Superior Court concluded that the defendant knew or should have known of the enrichment to his property. The court indicated that, assuming the defendant had no actual knowledge, circumstances can impose upon him the duty to have knowledge. The circumstances existing there, ". . . the close family relationship [son-father] . . . [and] also a close financial relationship . . ." *Albertson,* supra, at 211, between the contracting party and the defendant, are not present here.

We therefore hold that in the circumstances of this case, there has been no unjust enrichment.

Decree reversed as to Majestic, each party to bear own costs.