Opinion by
Montgomery, J.,
To preserve the right of appeal from the decree in divorce a.v.m., which was entered May 1, 1967, this appeal was filed August 1, 1967, the last day allowed by law for that purpose. However, at that time there was *100 pending before the lower court a petition, filed June 2, 1967,[1] to open the decree for the purpose of permitting appellant-defendant to offer testimony in defense of the action. The rule issued on this petition was scheduled for argument August 10, 1967. This argument was not held and the merits of the petition were not considered, same having been dismissed on August 10, 1967 for the following reason: “Rule to Open Final Decree and Allow an Answer is Discharged. Case is on appeal and this Court is without jurisdiction.”
Our cursory examination of this record and appellant’s brief (no brief has been filed by appellee) indicates that the procedure followed in this case should be more closely examined since it appears questionable whether the law has been fully complied with. Furthermore, there are equitable reasons present which also compel that careful consideration of appellant’s petition be given. Nixon v. Nixon, 329 Pa. 256, 198 A. 154 (1938). For these reasons the rule issued on appellant’s petition to open the decree is reinstated and the record is remanded to the lower court with directions to pass upon the merits of the “Petition to Open the Decree”.

 This would appear to be within the same term as that during which the decree in divorce was filed and should have suspended the operation of the decree. Fisher v. Fisher, 74 Pa. Superior Ct. 538 (1920).