### Tax Review Board of Philadelphia v. Eglin's 30th Street Garage Corporation

*David Rasner,* for Tax Review Board.
*Leonard B. Rosenthal,* for appellant.

HIRSH, J., March 19, 1973.—This matter is before this court on defendant's appeal from a decision of the Tax Review Board of Philadelphia which affirmed the revenue commissioner's denial of a refund of parking lot taxes paid by appellant for the years 1955 to 1969, inclusive. Appellant also filed a petition for a trial de novo. On September 28, 1970, the revenue commissioner denied the refund of the tax, Philadelphia Parking Lot Tax Ordinance of July 21, 1937, as amended, which was levied on the gross receipts from the operation of an outdoor ground-level parking facility. Appellant claimed that since his parking facility was situated on top of an underground improved structure, his parking lot was not subject to the tax and had been erroneously paid. On these grounds, appellant then appealed the revenue commissioner's decision to the Tax Review Board. A hearing was held before the Tax Review Board on October 15, 1971, at which time a stipulation of facts was submitted and the testimony of Barry Eglin, an officer of appellant, was taken. By letter dated February 24, 1971, the board denied the appeal. On March 13, 1972, appellant appealed to this court. Appellant alleges that the Tax Review Board erred in holding that his parking lot was subject to a public parking lot tax on unimproved outdoor lots. To support his case, appellant cites Auto Parks, Inc., Tax Review Board Opinion 57-2, filed January 28, 1957, and the Parking Lot Tax Regulations, art. I, sec. 101, which define an open parking lot as "any unimproved piece of ground within the City of Philadelphia without any building thereon, used for the parking of automobiles or motor vehicles." Appellant's claim that his lot is an improved structure is based on the fact that beneath his parking area there is a basement area used by the Philadelphia Bulletin and a road bed and track area of the Penn Central Rail-

road. Although this court is inclined to accept appellant's characterization of his lot as an improved structure, and thereby remove the burden of the tax, the claim for the refund was still properly denied.

The language of the tax ordinance was construed by the city solicitor in 1951 as permitting the parking lot operators to collect the tax from their patrons. If the operator does pass the tax directly to the patron, then his fee schedule posted for the patrons must show the basic charges for designated periods of time, the tax stated separately, and the total charge: Public Parking Lot Tax Regulations, art. IV, sec. 405. During the years in question, appellant's signs stated the charge for parking and the tax separately, and appellant collected the tax from its patrons and recorded the collected tax in its books and records in a separate tax account. Also appellant's parking lot tax returns reflect the fact that the operator opted to only pay the taxes collected from its patrons rather than to calculate 10 percent of its gross receipts and pay that amount. Therefore, assuming arguendo that the parking lot is an improved structure, the tax would be properly refunded to the patrons who paid it rather than to appellant who merely acted as a conduit for the city. To grant the refund to appellant under these facts and circumstances would violate the doctrine of unjust enrichment as defined by Restatement, Restitution, §1; Meehan v. Cheltenham Twp., 410 Pa. 446, 189 A.2d 593 (1963), and Kemp v. Majestic Amusement Co., 427 Pa. 429, 234 A.2d 846 (1967). The equitable doctrine of unjust enrichment precludes appellant from unjustly enriching himself and under these facts and circumstances any erroneously paid taxes did not accrue to the conduit but to the taxpayers. For the same result in other jurisdictions, see State of Mississippi v. Paramount-Gulf Theatres, Inc., 226

Miss. 404, 84 So. 2d 403 (1956); Kesbec, Inc. v. Mc-Goldrick, 278 N.Y. 293, 16 N.E. 2d 238 (1938) and Travel Industries of Kansas, Inc. v. U.S., 425 F.2d 1297 (1970) (U.S. Court of Appeals, 10th Cir.)

Furthermore, this court feels that appellant lacks standing to sue in this case. The fundamental aspect of standing focuses on the requirement that the party seeking relief must have a personal stake in the outcome of the litigation and a legal right to enforce a claim: Spires v. Hanover Fire Insurance Co., 364 Pa. 52, 70 A.2d 838 (1950) and Newspaper Guild v. Philadelphia Daily News, 401 Pa. 337, 164 A.2d 215 (1960). Here, appellant lacks such a personal stake in the litigation because it has no claim to any erroneously paid taxes.

Accordingly, it is therefore ordered and decreed that the decision of the Tax Review Board of the City of Philadelphia is affirmed and the appeal is dismissed. It is further ordered that appellant's petition for a trial de novo is denied.