## Kasbee v. Ramp

*Thomas T. Frampton*, for plaintiff.
*Michael Halliday*, for defendant.

STRANAHAN, *P. J.*, December 5, 1975—This interesting case arises out of a suit in assumpsit in which plaintiff seeks to recover for work done by him in digging a sewer line and installing a tap on property owned by defendant.

Plaintiff's theory is based on unjust enrichment, which he contends defendant received as a result of his work.

The facts as plead in this case would indicate that John S. Kasbee, Jr. was involved in the excavating business and that he dug a sewer and installed a tap on some property owned by Robert L. Ramp, defendant, but occupied at the time of agreement by Dorothy Breauchy, a tenant.

When plaintiff completed the work and presented his bill for $519.40, he was dismayed to discover that Dorothy Breauchy no longer occupied the premises and had removed herself therefrom.

Plaintiff now looks to the property owner, Robert L. Ramp, for payment on the theory that Mr. Ramp has benefited from the work done by plaintiff.

Robert L. Ramp, defendant, has filed a preliminary objection in the nature of a demurrer.

On the present status of the pleadings, we agree with defendant that plaintiff has failed to set forth a case.

Our review of the Restatement, Restitution, §110, together with the case of Kemp v. Majestic Amusement Co., 427 Pa. 429, 239 A. 2d 846 (1967), leads us to believe that there is merit to defendant's preliminary objections.

We notice, however, that, in his brief, plaintiff contends that there are various questions of fact which he has not plead but he believes should be submitted to the jury in order for them to determine whether or not there was an injustice resulting from the work done by plaintiff and the benefit received by defendant. Plaintiff must plead sufficient facts to set forth a cause of action and cannot avoid a demurrer by claiming that he can produce evidence at the time of trial which would make out a case.

While we are aware of the fact that a person need not plead evidence, yet he must plead sufficient allegations of fact that make out a case. The mere allegation that an injustice would be done is not sufficient in this court's opinion to avoid a demurrer. Plaintiff must plead sufficient allegations that would support a finding of an injustice to plaintiff in order to recover.

We are very reluctant to grant a demurrer which terminates plaintiff's case at the pleading stage. We think it would be better practice to give plaintiff 20 days to amend his pleading to include allegations of fact upon which he wishes to rely. If at that time he either fails to amend his pleading or does not allege sufficient allegations of fact to make out a case, this court will then grant the preliminary objections in the nature of a demurrer.

## ORDER

And now, December 5, 1975, the preliminary objections in this case are refused and plaintiff is directed to amend his pleadings within 20 days. Failing that, this court directs that the preliminary objections in the nature of a demurrer shall be sustained.