371 A.2d 979
**Curtis DOUGLAS**
v.
**Edith DOUGLAS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 28, 1976.

Decided March 31, 1977.

Arthur M. Lobel, Philadelphia, for appellant.

John J. D'Angelo, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On July 31, 1975, the lower court entered a decree granting a divorce between appellee Curtis Douglas and appellant Edith Douglas. On appeal, appellant's brief recites the following facts: On October 21, 1974, appellee filed a complaint in divorce against appellant alleging indignities to the person. Counsel for the parties began negotiations regarding a property settlement, and counsel agreed that no divorce decree would be entered until an accord was reached on the terms of the property settlement. The lower court appointed a master, and a hearing was scheduled for May 28, 1975. On May 20,

1975, appellant's attorney notified the master in writing that the divorce was contested and asked that the hearing be continued. The master's hearing was rescheduled to June 25, 1975.

On June 25, 1975, an accord on the property settlement had not been reached. Counsel for both parties met at the room scheduled for the hearing. Neither the parties, the master, nor a court reporter were present. At that time, appellee's counsel reassured appellant's counsel that no decree would be entered until an agreement was reached.

On July 25, 1975, appellant's counsel was involved in an automobile accident which prevented him from returning to his office until July 30, 1975. When he returned, he found that the mail of the preceding day contained a notice that a master's report recommending a divorce had been filed in the case on July 17, 1975.

On August 22, 1975, appellant filed *nunc pro tunc* exceptions to the master's report, averring the above facts. He also filed an appeal to this court. On September 17, 1975, counsel for both parties met with the lower court judge in chambers. At that time, appellant filed a Petition to Open Judgment. The judge refused to rule on the *nunc pro tunc* exceptions and the petition to open because the appeal filed with this court deprived the lower court of jurisdiction.

The facts recited in appellee's brief agree substantially with those of appellant, except appellee's brief states that a property settlement agreement had been reached and that a master's hearing was held on June 25, 1975. The lower court's opinion and the master's report both state that a hearing was held on May 28, 1975.

From the record, this court is unable to determine which, if any, of the above statements of facts is true. The lower court refused to make findings of fact or to rule on the issues raised by appellant because jurisdiction of the case was in this court. If the facts recited by

appellant are true, she is entitled to relief. Under these circumstances, we must remand to the lower court for a hearing.

In *Stachurski v. Stachurski*, 212 Pa.Super. 99, 239 A. 2d 846 (1968), a petition to open a divorce decree was filed to enable the defendant to offer evidence. The lower court dismissed the petition because the filing of an appeal had deprived the court of jurisdiction. Because the appellant's petition presented issues which deserved attention, this court remanded the case to allow the lower court to consider the petition.

In *Cumberland Building & Loan Assoc. v. Fidelity & Deposit Co.*, 253 Pa. 450, 98 A. 652 (1916), a judgment was entered in the lower court on the basis of an agreement between counsel. On appeal, counsel differed as to the terms of the agreement. The Supreme Court vacated the judgment and remanded for a hearing.

In this case, appellant alleges that the decree in divorce was obtained in violation of an agreement between counsel. She also alleges that she was deprived of her right to a hearing. The lower court ruled on neither of these points and the record contains insufficient facts to enable us to decide this appeal. Therefore, the case is remanded to allow the lower court to consider appellant's petition to open.

HOFFMAN, J., files a concurring opinion.

HOFFMAN, Judge, concurring:

I would remand to allow the lower court to determine whether appellant was deprived of her right to a hearing.