552 A.2d 1133

St. Clair Area School District, Appellant *v.* St. Clair Area Education Association and Pennsylvania Labor Relations Board, Appellees.

Argued June 15, 1988, before Judge SMITH, and Senior Judges KALISH and NARICK, sitting as a panel of three.

*Stephen P. Ellwood,* for appellant.

*A. Martin Herring,* for appellee, St. Clair Area Education Association.

*James L. Crawford,* Chief Counsel, for appellee, Pennsylvania Labor Relations Board.

*Stephen S. Russell,* for amicus curiae, Pennsylvania School Boards Association.

OPINION BY SENIOR JUDGE KALISH, August 8, 1988:

The St. Clair Area School District (School District) appeals from an order of the Court of Common Pleas of Schuylkill County which affirmed a final order of the Pennsylvania Labor Relations Board (Board) holding that the School District had committed an unfair labor practice. We affirm.

The St. Clair Area Education Association (Teachers) and the School District were unable to agree to the terms of a new collective bargaining agreement after the expiration of a prior agreement on June 30, 1986. The Teachers went on strike from September 19, 1986 until September 26, 1986. They went on strike again on January 26, 1987. After the Teachers struck in January, the School District filed suit in the court of common pleas seeking injunctive relief to direct the Teachers back to work pending collective bargaining agreement negotiations.

The Teachers and the School District entered into a tentative agreement, at the courthouse, which was signed by the negotiating team of the Teachers and approved by its Association and by five of the nine members of the School District on January 29, 1987. On February 3,

1987, at a public School Board meeting, two members of the School District who had originally voted *for* the agreement now voted *against* acceptance, and one member was absent.

The Teachers then filed an unfair labor practice charge with the Board. The Board, after a hearing, voted in favor of the Teachers, holding that the School District failed to negotiate in good faith.

The School District contends that the tentative agreement has no legal effect because it did not take place in public at a duly advertised meeting pursuant to the Sunshine Act, Act of July 3, 1986, P.L. 388, 65 P.S. §§271-286. The issue here is whether the School District bargained in good faith. The duty to bargain in good faith under section 1201 of the Public Employee Relation Act, Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.1201, and the Sunshine Act were designed to accomplish different results. It was never the purpose of the Sunshine Act to compel negotiations of labor contracts in the open. In fact, section 278(a)(2) of the Sunshine Act, 65 P.S. §278(a)(2), specifically permits an agency to hold collective bargaining sessions outside of an open meeting.

The facts are not in dispute. What is disputed is the inference or conclusions drawn by the Board. Deductions or inferences made from facts are always reviewable on appeal. *Brooks v. Conston,* 356 Pa. 69, 51 A.2d 684 (1947). The conclusions of the Board are no more than the Board's reasoning from the facts. The appellate court can competently draw appropriate inferences and conclusions from the evidence regardless of the action of the trial court or Board. *Kemp v. Majestic Amusement Co.,* 427 Pa. 429, 234 A.2d 846 (1967).

Where a majority of the nine members of the School District approved the agreement and subsequently mem-

bers changed their vote at a public meeting, it is a reasonable conclusion that the School District was not exercising good faith in its negotiations. We agree with the conclusion of the trial court and accordingly, we affirm.

## ORDER

NOW, August 8, 1988, the order of the Court of Common Pleas of Schuylkill County, No. S-967-1987, dated February 16, 1988, is affirmed.

Judge SMITH dissents.