588 A.2d 969

**Larry M. RUVO, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(INTERNATIONAL COMMUNICATION
MATERIAL, INC.), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 16, 1988.

Decided Aug. 23, 1988.

Publication Ordered April 5, 1991.

Joseph E. Fieschko, Jr., for petitioner.

Francis DiSalle, Faderewski and Herrington, for respondents.

Before DOYLE and McGINLEY, JJ., and KALISH, Senior Judge.

KALISH, Senior Judge.

Larry M. Ruvo (claimant) seeks review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision to dismiss claimant's petition for benefits. We affirm.

The claimant alleges that on January 17, 1986, he woke up with terrible leg pains and muscle spasms in his left leg. The claimant was diagnosed as having a herniated disc. He contends that the leg pains and muscle spasms that he experienced on January 17, 1986 were actually the result of a back injury which he suffered at work two weeks earlier.

In order to establish a right to workmen's compensation, a claimant must show that the injury occurred in the course of his employment and is related thereto. Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1). "Where there is no obvious causal connection between an injury and the alleged work-related cause, that connection must be established by unequivocal medical evidence, i.e., evidence which establishes that to a reasonable degree of medical certainty, the injury was in fact work-related." *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass Works)*, 515 Pa. 315, 324, 528 A.2d 580, 585 (1987).

At the hearing before the referee, claimant described the nature of his work as a laborer for International Communication Material, Inc. (employer). His job required the unloading of iron powder and dry ink which was contained in barrels weighing about 500 pounds each. The claimant placed these barrels on a pallet, and moved them with hooks. The job also involved bending down into the barrels and scooping out the contents of the barrels to weigh the contents. The claimant testified that his job required a lot of bending and lifting. Notes of Testimony (N.T.) at 4–5. He testified at the hearing that he had first experienced back pains about two weeks prior to January 17, 1986, and

4

that this back pain had been caused by heavy lifting which he did on January 6 and 7, 1986 at work. N.T. at 18–19. The claimant alleges that he was totally disabled from January 17, 1986 to June 17, 1986, except for the time period of January 28, 1986 to February 18, 1986 when he attempted to work.

The referee stated, in her finding of fact number two, that "claimant's testimony as to a work-related back or leg injury of January 17, 1986 was very vague and questionable. Your referee finds claimant's testimony was not credible." The referee's opinion states that there was a third report by Dr. Fred C. Edge. In this third report, Dr. Edge stated:

[Claimant] gives a history of pain beginning on January 6th or 7th which involved both knee pain and back pain. Patient noted this pain after doing lifting at work and subsequently pain has been off and on.... In reviewing the patient's daily work activities and activities outside of work, it is my professional opinion, with a reasonable degree of medical certainty, that *the injury is directly related to the lifting at work.* (Emphasis added.)

Although referred to, there is no finding that the referee considered this report in making her finding.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Duquesne Light Co. v. Workmen's Compensation Appeal Board (Zalar),* 89 Pa.Commonwealth Ct. 496, 492 A.2d 1176 (1985).

It is for the referee to assess the credibility of witnesses, and he may accept or reject all or part of a witness' testimony, including medical testimony. *Adamo v. Workmen's Compensation Appeal Board (Jameson Me-*

*morial Hospital)*, 87 Pa.Commonwealth Ct. 207, 486 A.2d 1065 (1985). This court may examine the record to determine if the evidence presented supports the conclusion of the referee. The appellate court can competently draw appropriate conclusions from the evidence, regardless of the actions of the Board. *Kemp v. Majestic Amusement Co.*, 427 Pa. 429, 234 A.2d 846 (1967); *F.R. & S., Inc. v. Department of Environmental Resources*, 113 Pa.Commonwealth Ct. 576, 537 A.2d 957 (1988).

In a case such as this it is the purpose and function of the reviewing board and/or appellate courts to review the conclusions of law of the referee, while at the same time ascertaining that the facts found by the referee are supported by substantial evidence. A determination that certain medical testimony is equivocal is not, as appellant assumes, a finding of fact; rather it is a conclusion of law and as such fully reviewable.

*Lewis v. Workmen's Compensation Appeal Board (Pittsburgh Board of Education)*, 508 Pa. 360, 366, 498 A.2d 800, 803 (1985).

 It would appear, at first blush, that the issue was simply a question of whether the claimant had established a nexus by unequivocal medical testimony between the injury and work, and that the referee gave no consideration to Dr. Edge's third report in making that consideration.

However, the record shows that the referee did *not* find credible the claimant's testimony as to whether in fact he did sustain an injury while working. Under such circumstances, even if Dr. Edge in his third report did state that "the injury is directly related to the lifting at work," it is reasonable to conclude that the referee did not find it credible.

Accordingly, we affirm.

## ORDER

NOW, August 23, 1988, the order of the Workmen's Compensation Appeal Board, Decision No. A–92201, dated May 29, 1987, is affirmed.