tance of the *Ingram* procedure is plainly underscored in the instant matter by the trial court's failure to adhere to it.

The problems inherent in a deviation from the mandate of Rule 319 were illustrated in *Commonwealth v. DeGeorge*, 506 Pa. 445, 485 A.2d 1089 (1984), wherein the failure to record a colloquy necessitated a remand for an evidentiary determination of the defendant's ineffectiveness claims.[2] However, even in *DeGeorge* the error can be distinguished because the right waived was to a jury trial as opposed to a bench trial. In the instant matter, the defendant has waived his right to any kind of trial without a recorded determination of the voluntariness of the waiver. This occurrence should not be sanctioned.

Therefore, I cannot join the entry of an order dismissing the appeal as improvidently granted. I dissent.

579 A.2d 879

**ST. CLAIR AREA EDUCATION ASSOCIATION and Pennsylvania Labor Relations Board**

v.

**ST. CLAIR AREA SCHOOL DISTRICT, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 25, 1990.

Decided Sept. 24, 1990.

Reargument Denied Dec. 27, 1990.

**2.** In *Commonwealth v. DeGeorge*, 506 Pa. 445, 485 A.2d 1089 (1984), the Court established a procedure whereby a failure to supply a colloquy of record could be remedied by a remand for an evidentiary hearing rather than an entirely new guilty plea proceeding. The inadequacy of this procedure is graphically demonstrated by the instant facts, where an evidentiary hearing would be helpful only if trial counsel were to refute the defendant's allegations. Even though a hearing was conducted, counsel did not dispute that allegation.

Stephen P. Ellwood, Schuyke Haven, James J. Riley, Pottsville, for appellant.

A. Martin Herring, Philadelphia, for St. Clair Area Educ. Ass'n.

James L. Crawford, Harrisburg, for Pa. Labor Relations Bd.

Steven Russell, New Cumberland, for amicus—Pa. School Boards Assn.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## ORDER

PER CURIAM:
Order affirmed.

FLAHERTY, McDERMOTT and ZAPPALA, JJ., dissent.

579 A.2d 1282

**Joan S. PURCELL and James J. Purcell, Administrators of the Estate of Lindsay Hunter Purcell, Deceased,**

**v.**

**BRYN MAWR HOSPITAL, Marion L. Brown, D.O., Frank J. Manfrey, D.O., and Claudia Brown, R.N.**

**Appeal of BRYN MAWR HOSPITAL.**

Supreme Court of Pennsylvania.

Argued April 2, 1990.

Decided Aug. 9, 1990.

As Amended Oct. 17, 1990.