ATHENS AREA SCHOOL DISTRICT

v.

PENNSYLVANIA LABOR RE-
LATIONS BOARD and Athens
Area Education Association.

Pennsylvania Labor Relations
Board, Appellant.

Athens Area School District

v.

Pennsylvania Labor Relations Board
and Athens Area Education
Association.

Athens Area Education Association,
Appellant.

Commonwealth Court of Pennsylvania.

Argued Sept. 17, 1999.
Decided Oct. 13, 2000.

Peter Lassi, Harrisburg, for appellant.

Ellis H. Katz, Doylestown, for appellees.

BEFORE: COLINS, Judge,
LEADBETTER, Judge, McCLOSKEY,
Senior Judge.

LEADBETTER, Judge.

The Pennsylvania Labor Relations
Board (Board) and the Athens Area Edu-
cation Association appeal from the order of
the Court of Common Pleas of Bradford
County, which reversed a Board decision
and order holding that the Athens Area
School District violated Section 1201(a)(6)

of the Public Employe Relations Act (PERA).[1]

The essential facts are not in dispute. On November 21, 1995, the School District, acting through its chief negotiator, and the Association, acting through its negotiating team, reached a tentative agreement which revised the parties' current collective bargaining agreement to be effective in the 1996–97 school year and extended that agreement through the year 2000. The parties agreed that the tentative agreement would be subject to ratification by the Association membership and the School District's School Board. The agreement regarding ratification was that each party had the power to either ratify or not ratify the agreement. It should be noted that based on the evidence of record, neither party expressly reserved the right to revoke its ratification once given.

On November 21, 1995, the School Board voted 6–3 in favor of ratification of the tentative agreement and that vote and corresponding ratification were reported to the Association. Subsequently, however, at meetings on November 30 and December 1, the School Board voted unanimously to rescind its prior ratification of the agreement. Thereafter, on December 4, the Association membership voted to ratify the agreement as well. Prior to its vote, however, the Association received notice that the School Board had rescinded its ratification of the agreement. On December 5, the Association notified the School Board that its members had ratified the Agreement. The School District did not consider the contract revised, however, and invited the Association to resume negotiations. On January 8, 1996, the Association sent the School District two signed copies of the ratified agreement and requested that the School Board sign the agreement and return one copy to the

Association. The School District refused to execute the agreement, causing the Association to file an unfair practice charge which alleged that the School District's refusal to sign constituted a violation of Section 1201(a)(6).

Following a hearing, the hearing examiner concluded that the School District's actions in ratifying the agreement and then revoking its ratification shortly before the Association was scheduled to vote constituted bad faith bargaining. The hearing examiner also concluded that the School District committed an unfair practice within the meaning of Section 1201(a)(6) and ordered the School District to cease and desist its refusal and sign the agreement sent on January 8, 1996. The District filed exceptions to the hearing examiner's order, contending that like a contract offer, which can be rescinded prior to its acceptance, it possessed the right to rescind its ratification of the agreement prior to the Association's ratification, thereby precluding the formation of a binding agreement. Citing various prior decisions of the Board as well as the National Labor Relations Board, the Board concluded that the act of ratification of a tentative collective bargaining agreement "transcends the meaning and nature of a mere offer." *Athens Area Educ. Ass'n v. Athens Area Sch. Dist.*, PERA–C–96–46–E, slip op. at 2. According to the Board, the ratification of a collective bargaining agreement is a "proclamation that the ratifying parties accept formally the contract and its binding nature subject only to the ratification of the bargaining counterpart." *Id.* [citing *Sierra Publishing Co.*, 296 NLRB 477, 1989 WL 224303 (1989); *Local 512 Warehouse and Office Workers' Union v. NLRB*, 795 F.2d 705 (9th Cir.1986) ]. Based on the authorities examined,[2] the Board conclud-

---

1. Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. § 1101.1201(a)(6). Section 1201(a)(6) provides that public employers are prohibited from "[r]efusing to reduce a collective bargaining agreement to writing and sign such agreement." 43 P.S. § 1101.1201(a)(6).

2. *Sierra Publishing Co.*, 296 NLRB 477, 1989 WL 224303 (1989); *Lehighton Area Sch. Dist.*, 23 Pa. Pub. Employee R. ¶ 23133 (Proposed Decision and Order, 1992); *Federation of State Cultural and Educ. Prof'l v. Common-*

ed that the School District's revocation constituted an unfair practice in violation of Section 1201(a)(6). The Board dismissed the School District's exceptions and made final the decision and order of the hearing examiner.

The School District appealed the Board's order and on appeal, the trial court reversed. In doing so, the trial court concluded that general principals of contract law apply to the collective bargaining process and the Board erred in failing to conclude that such principals were controlling. Noting that the evidence of record did not support a conclusion that the School District had relinquished or failed to reserve a right to revoke its ratification, the trial court concluded that the School District's ratification of the agreement *created an offer* (not a binding contract), which the School District was free to terminate through a revocation of its ratification. The present appeal followed.

The Board argues that this case is controlled by *St. Clair Education Association v. St. Clair Area School District,* 18 Pa. Pub. Employee R. ¶ 18116 (Final Order 1987), *aff'd,* 19 Pa. Pub. Employee R. ¶ 19084 (1988) (Schuylkill County Court of Common Pleas, No. S–967–1987), *aff'd,* 123 Pa.Cmwlth. 62, 552 A.2d 1133 (1988), *aff'd,* 525 Pa. 236, 579 A.2d 879 (1990). In *St. Clair,* following the expiration of the current bargaining agreement and a strike, the Teachers' Association and the School District entered into a tentative agreement. The agreement was signed by the Association's negotiating team and five of the nine School Board members. Immediately thereafter, the Association's membership ratified the agreement. However, at a public meeting of the School Board, two of the Board members who had signed the agreement changed their minds and voted

against the agreement and one member was absent. As a result, the final Board vote was against the agreement six to two. The Association filed an unfair practices charge alleging that the School District violated Section 1201(a)(1), (5) and (6) of PERA [3] by refusing to execute a collective bargaining agreement following the execution of a tentative agreement.

The Board's hearing examiner concluded that the School District's actions violated Section 1201(a)(1), (5), and (6) of PERA. On appeal, the Board affirmed, opining in pertinent part:

> The Hearing Examiner has correctly found that as a matter of law, the failure of the majority of the board who signed the tentative agreement to subsequently support that tentative agreement in the formal ratification process ... was an unfair practice under PERA as indicative of bad faith collective bargaining.... For this Board to adopt any such notion that the majority of either the employer or the union for that matter could execute a tentative agreement and subsequently renege for the simple reason that the agreement was subsequently regarded as not in that party's best interest would court disaster in the collective bargaining process.
>
> ....
>
> In reaching this result, we hasten to point out that under other circumstances where a negotiating team (which is not composed of a majority of the public body) reaches a tentative agreement subject to ratification, the public body is not necessarily bound by the terms of the tentative agreement.

*St. Clair Area Educ. Ass'n,* Final Order of the Board. Thereafter, common pleas, this court and the Pennsylvania Supreme Court, affirmed. In our opinion, we agreed that the School District had com-

*wealth,* 23 Pa. Pub. Employee R. ¶ 23142 (Proposed Decision and Order, 1992).

**3.** Respectively, 43 P.S. § 1101.1201(a)(1) [interfering, restraining or coercing employees in the exercise of their rights], (5) [refusing to

bargain collectively in good faith], and (6) [refusing to reduce a collective bargaining agreement to writing and sign the agreement].

mitted an unfair practice, stating, "Where a majority of the nine members of the School District approved the agreement and subsequently members changed their vote at a public meeting, it is a reasonable conclusion that the School District was not exercising good faith in its negotiations." 552 A.2d at 1134.

The School District argues, however, that the charge brought in *St. Clair* was under Section 1201(a)(5) [failure to bargain in good faith] while the current charge was brought under 1201(a)(6) [refusal to reduce to writing and sign agreement]. This is not entirely correct. As noted above, in *St. Clair*, charges were brought under both provisions and *sustained* under both. Indeed, the trial court in *St. Clair* referred to the charges as being under Section 1201(a)(6), and our court drew no distinction between the two provisions in its discussion.

We do not disagree with the trial court that applying principles of contract law to this matter yields the conclusion that no *binding contract* came into being as a result of this sequence of events. However, this does not necessarily mean that since there was no contract enforceable at law, no violation of Section 1201(a)(6) could occur. It must be remembered that this is not a civil contract action, but a charge of unfair labor practice. In this regard we believe both the School District and the trial court read Section 1201(a)(6) too narrowly. If Section 1201(a)(6) proscribed no more than refusal to formalize a CBA which was already binding and enforceable as a matter of law, it would be of little significance. We believe, rather, that the provision was intended to prevent precisely what occurred here—an act of bad faith which derails an agreement in the finalization stage, just as Section 1201(a)(5) proscribes an act of bad faith in the bargaining stage. It is of no consequence to the bad faith issue whether the agreement has at the time become a binding contract. Indeed, we believe this is the teaching of *St. Clair.*

Accordingly, there can be little question that under *St. Clair*, common pleas was bound to affirm the Board's finding that the School Board's revocation of its ratification—with no change of circumstances to justify such action—amounts to bad faith. Moreover, even if we did not believe that *St. Clair* was binding authority on the issue, substantial deference is due a finding of bad faith by the Board.[4] Our Supreme Court has long held that the appellate courts of this Commonwealth should not "substitute [their] judgment for that of [the Board,] a body selected for its expertise whose experience and expertise make it better qualified than a court of law to weigh facts within its field." *In re Appeal of Cumberland Valley Sch. Dist.*, 483 Pa. 134, 140, 394 A.2d 946, 949 (1978) [quoting *Pennsylvania Labor Relations Bd. v. Butz*, 411 Pa. 360, 377, 192 A.2d 707, 716 (1963)].

Accordingly, we reverse.

## ORDER

AND NOW, this 13th day of October, 2000, the order of the Court of Common Pleas of Bradford County in the above captioned matter is hereby REVERSED and the order of the Pennsylvania Labor Relations Board is REINSTATED.

4. When a final order of the Board is appealed to the court of common pleas, both this court and the trial court should employ a scope of review which is quite limited and narrow. That review is limited to a determination of whether the Board's findings are supported by substantial evidence and whether the conclusions drawn from those findings are reasonable and not illegal, arbitrary or capricious. *Philadelphia Housing Auth. v. Pennsylvania Labor Relations Bd.*, 153 Pa. Cmwlth. 20, 620 A.2d 594, 597 (1993) [citing *St. Joseph's Hosp. v. Pennsylvania Labor Relations Bd.*, 473 Pa. 101, 373 A.2d 1069 (1977)].