J. S64011/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DARYL C. BARRY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JACQUELINE M. BARRY, | : | No. 870 MDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Decree, April 22, 2015,
in the Court of Common Pleas of Dauphin County
Civil Division at No. 2014-CV-429-DV

BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED DECEMBER 30, 2015**

Jacqueline M. Barry ("Wife") appeals from the decree of divorce entered April 22, 2015, in the Court of Common Pleas of Dauphin County.

In 2007, Wife was adjudicated to be an incapacitated person after a hearing before the Dauphin County Orphan's Court.[1]  Thereafter, Neighborhood Services, Inc., was appointed to serve as plenary guardian of appellant's estate.

Wife was incarcerated from 2012 to 2014 for stalking a neighbor. While Wife was incarcerated, her husband, Daryl C. Barry ("Husband"), filed

---

* Former Justice specially assigned to the Superior Court.

[1] By all accounts, Wife was "diagnosed with schizoaffective disorder, is very paranoid and suspicious, and can be very disruptive and argumentative." (**See** motion to open and vacate divorce decree, 5/7/15 ¶ 11 at 3.)

for divorce.[2]   The parties entered into a settlement agreement.   On February 25, 2015, the orphan's court held a hearing.   The parties agreed that Wife would receive a portion of the equity in the home, minus costs of repairs and other expenses, and 50% of the net proceeds from the sale of a vacant lot the parties owned.   On April 22, 2015, a final decree of divorce was entered.

On May 7, 2015, Wife, through her guardian, filed a motion to open and vacate the divorce decree.   Wife alleged that during the settlement discussions Husband failed to disclose the fact that he will receive a pension when he retires from employment with the Commonwealth of Pennsylvania. On May 18, 2015, the orphan's court issued a rule upon Husband to show cause why the relief requested should not be granted.   The rule was returnable within five days.   On May 20, 2015, prior to any ruling on Wife's motion to open and vacate the divorce decree, Wife filed a notice of appeal from the April 22, 2015 divorce decree.   On May 26, 2015, Husband filed a timely answer to the motion to open and vacate the divorce decree with new matter and requesting enforcement of the post-nuptial agreement.   The orphan's court did not have a chance to rule on the outstanding motion to open and vacate the divorce decree because it was precluded from taking any further action on the matter once the appeal from the divorce decree

---

[2] The parties were married for 39 years.

was filed. *See* Pa.R.A.P. 1701(a). Wife raises the following issues on appeal:

1. Did the Court err as a matter of law and abuse its discretion when it entered a divorce decree when intrinsic fraud existed or new evidence came to light after the entry of the divorce decree, as one of the parties' assets was not disclosed and Wife suffers from a mental illness, which prevented her from taking part in the process in any meaningful manner?

2. Consolidated with Issue Number 1 by Appellant.

3. Did the Court err as a matter of law and abuse its discretion when it entered a divorce decree where extrinsic fraud existed, whereby the nondisclosure of an asset prevented a fair submission of the controversy?

Wife's brief at 4.

Wife is improperly asking this court to determine, in the first instance, whether the April 22, 2015 divorce decree should be opened or vacated. She alleges that new evidence came to light after entry of the divorce decree; specifically, the existence of a pension belonging to Husband, which had not been disclosed during negotiations for the divorce. Wife's counsel argues that although Wife was evidently aware that a pension existed, the symptoms of Wife's schizoaffective disorder included paranoia and secrecy, and she never told her caseworker of this asset until after the divorce decree was entered.

This court is without jurisdiction to make credibility determinations or decide the merits of a petition to open or vacate a divorce decree. Rather, procedurally, it is the function of the orphan's court to exercise its equitable powers under 23 Pa.C.S.A. § 3323 (regarding equitable power of the orphan's court in all matrimonial causes) to determine whether a divorce decree should be opened or vacated. The test for opening or vacating a divorce decree is set forth in 23 Pa.C.S.A. § 3332:

> A motion to open a decree of divorce or annulment may be made only within the period limited by 42 Pa.C.S. § 5505 (relating to modification of orders) and not thereafter. The motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after entry of the final decree. Intrinsic fraud relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case.

23 Pa.C.S.A. § 3332.

In a case very similar to the present case, we remanded a divorce matter for specific findings of fact where the orphan's court refused to consider a petition to open a decree of divorce or make findings of fact because an appeal had already been filed in this court. In *Douglas v. Douglas*, 371 A.2d 979 (Pa.Super. 1977), Curtis Douglas (the husband)

- 4 -

filed a complaint in divorce against Edith Douglas (the wife). Counsel for the parties entered into negotiations regarding a property settlement. The parties agreed that no divorce decree would be entered until a settlement agreement was reached. *Id.* at 980. A hearing before a master was scheduled and continued. The wife's counsel was reassured that no divorce decree would be entered until an agreement was reached. The wife's counsel was thereafter involved in a car accident. When he returned to his office approximately one month later, he found that a divorce decree had been entered at the recommendation of the master. The wife filed an appeal and a petition to open judgement. The judge refused to rule upon the petition to open because an appeal had been filed with this court. *Id.* On appeal, the wife argued that the divorce decree was obtained in violation of agreement between counsel and that she was deprived of her right to hearing. On appeal from the divorce decree, this court noted that there were insufficient facts to enable us to decide the appeal. Therefore, we remanded the matter to allow the orphan's court to consider the wife's petition to open judgment, in view of the fact that the lower court had not ruled on the wife's allegations and the record on appeal contained insufficient facts to enable this court to decide the wife's appeal. *See also Stachurski v. Stachurski*, 239 A.2d 846 (Pa.Super. 1968) (where appeal and petition to open divorce decree were filed, this court remanded to the Philadelphia County Court of Common Pleas, Family Division, to consider the

petition to open the divorce decree on the merits and allow the petitioner to offer testimony in defense of the action).

Here, Wife apparently filed a notice of appeal in order to preserve her right of appeal from the decree of divorce. However, at the time, there was pending before the orphan's court a petition to open or vacate the divorce decree for the purpose of allowing appellant to offer evidence of an undisclosed marital asset; namely, Husband's pension. Because the merits of Wife's petition were not considered, the record is remanded to the orphan's court with directions to pass upon the merits of the petition to open or vacate the divorce decree.

Appeal quashed. Record remanded with directions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2015