**Fry v. Fry**

*Lynn Erickson,* for plaintiff.
*Allan R. Kauffman,* for defendant.

GRIM, *J.,* November 8, 1995—The matter before the court is defendant's petition for contempt. The following are the pertinent facts and procedural history.

The parties were married for approximately 19 years. In contemplation of a divorce they entered into a post-nuptial agreement dated May 2, 1988. The parties were

divorced on June 20, 1988. The agreement was incorporated into the divorce decree.

Paragraph 7B. of the agreement provides in pertinent part:

"Wife shall have the sole right to reside in the property known as 779 State Street, Hamburg, Berks County, PA until the parties mutually decide to sell said property or the date of Kristopher Fry's eighteenth birthday, November 8, 1994, whichever shall first occur. At the occurrence of the first of these contingencies, husband and wife shall list the property with a local realtor and the net proceeds shall be divided on a 50/50 basis. From the time of execution of this agreement until said property is sold, husband shall be responsible for payment of mortgage and all real estate taxes together with the cost of obtaining and maintaining insurance on husband's life specifically designated to pay off in full any outstanding principal balance on the mortgage on the 779 State Street, Hamburg, property if husband should die prior to November 8, 1994."

After Kristopher became 18, defendant, Keith L. Fry, husband, made several requests to plaintiff, Karen R. Fry, wife, to list the home for sale. Wife's only response was a request for an appraisal. Husband eventually filed the instant petition.

On July 19, 1995, the parties entered into an order by agreement whereby wife agreed to purchase the property for $115,000 and the profits were to be divided equally by the parties. Settlement was to occur within 30 days from the date of the order.

No settlement took place. Therefore, husband has renewed his petition for contempt. In his petition husband prays the court to hold wife in contempt, to order wife immediately to list the marital residence for sale and to cooperate in showing and marketing the home,

and to order wife to pay the mortgage until the home is sold.

At the contempt hearing the parties raised two legal issues. Husband seeks reimbursement for paying the mortgage from November 1994. The mortgage payments are $548.06 per month. Wife denies that he is entitled to any reimbursement.

The second issue concerns the payment of the mortgage. When the parties were married the mortgage was paid biweekly. After the separation husband ceased making biweekly payments and made monthly payments instead. Wife wants a credit for the change in the amount of equity in the home as a result of changing the frequency of the mortgage payments from biweekly to monthly. The amount of $3,500 of the sum payable by wife to husband has been placed in escrow pending the resolution of these issues.

The parties were to submit briefs on these issues by September 1, 1995. Husband filed his brief on September 1, 1995. In his brief husband requests counsel fees and an opportunity to purchase the marital residence for the same consideration. Wife asked for and the court granted a continuance for the filing of her brief.

Wife, however, never filed a brief despite the court's granting of an extension.

The court shall now address the issue of whether husband should be credited with the payment of the mortgage after the period when wife should have cooperated to list the home for sale. Husband and wife bargained for certain items in the agreement; husband undertook to pay the mortgage until the house was sold and wife agreed to cooperate in listing the home for sale when Kristopher became 18 years old. Husband fulfilled his obligation under the agreement. Wife's failure to cooperate in listing the marital residence for

sale forced husband to make mortgage payments which he had not contemplated making and thereby altered husband's side of the deal. Wife has presented no defense for her failure to perform under the agreement. Therefore, the court finds that wife is in contempt for failing to comply with the provisions of the postnuptial agreement in that she has not cooperated in listing the marital residence for sale. The court will award husband a credit for all the mortgage payments which he has made since January 1995. By doing so, the court will have restored husband to the position for which he had bargained.

The court shall now address the issue of the reduced equity in the home due to the change in the frequency of the mortgage payments. A basic tenet of contract law is that when the language of an agreement is clear and unambiguous its meaning must be determined by an examination of the content of the agreement itself. The court must construe the agreement only as written and may not modify the plain meaning under the guise of interpretation. *Little v. Little,* 441 Pa. Super. 185, 657 A.2d 12 (1995).

In the case sub judice the agreement provides that "husband shall be responsible for the payment of the mortgage." It makes no mention in what manner husband is to pay the mortgage. The court will not change the plain meaning of this agreement by adding terms to it. For this reason, the court dismisses wife's argument.

The court will not afford husband an opportunity to purchase the marital residence for the same consideration as wife was to pay. The court does not know what concessions were made by the parties to arrive

at the figure of $115,000. The court is therefore unwilling to allow husband to purchase the marital residence for this amount without wife's approval.

23 Pa.C.S. §3502(e)(7) empowers the court to assess counsel fees and costs against a party who has failed to comply with the terms of an agreement. The court realizes that husband has expended much trouble and time attempting to resolve these issues. For these reasons, the court finds that wife should pay counsel fees to husband in the amount of $500.

In accordance with the foregoing opinion, the court enters the following order:

ORDER

And now, November 8, 1995, it is hereby ordered as follows:

(1) Plaintiff, Karen R. Fry, is in contempt for her failure to comply with the provisions of the postnuptial agreement in that she has not cooperated in listing the marital residence for sale. She may purge herself of contempt by cooperating with defendant, Keith L. Fry, to list the marital residence with a mutually acceptable realtor within five days of the receipt of this order and paying to defendant and Allan R. Kauffman, Esquire, jointly the sum of $500 on account of counsel fees within 30 days from the date of this order. If she fails to do so, the matter may be relisted without petition.

(2) Defendant is entitled to a credit for all the mortgage payments which he made from January 1995.

(3) Plaintiff is to make any future mortgage payments. If she fails to do so, defendant will receive credit for any payments which he makes from this date.