**Cerino v. Kaduk**

C.P. of Northampton County, no. 1998-C-1835.

*Ralph J. Bellafatto,* for plaintiffs.
*Stuart S. Smith,* for defendants.

FREEDBERG, *P.J.*, November 13, 2000—This matter is before the court on plaintiffs' objections to defendants' bill of costs and plaintiffs' motion for sanctions. Defendants have responded by requesting that they be awarded attorney's fees. A conference was held on July 14, 2000, and letter briefs were subsequently filed by both parties. For the reasons stated in the following opinion, plaintiffs' objections will be granted and both requests for attorney's fees will be denied.

## BACKGROUND

This dispute arises from a jury trial before the Honorable Robert E. Simpson Jr., in June 2000. Prior to the trial, the parties entered into a high/low agreement. The trial resulted in a jury verdict for defendants on June 26, 2000. Defendants thereafter filed a bill of costs, setting forth a number of trial expenses that they seek to recover from plaintiffs. Plaintiffs object to the bill of costs and request sanctions against defendants for filing the bill of costs.

The high/low agreement is memorialized in two letters dated June 16, 2000, one from plaintiffs' counsel to defendants' counsel and one from defendants' counsel to plaintiffs' counsel, as well as a transcript of the agreement that was taken in chambers before Judge Simpson on June 19, 2000.

Plaintiffs' letter, the contents of which are referred to as a "settlement proposal," stated that plaintiffs "would be willing to enter into a high/low agreement, whereby [plaintiffs'] maximum award would be policy limits of $500,000, and a minimum award of $50,000, regardless

of jury verdict." Plaintiffs' letter clarified this position by stating that "any verdict in excess of $500,000 would result in a policy limit settlement, any verdict of $50,000 or less, including a defense verdict, would result in a $50,000 settlement to [plaintiffs]." According to plaintiffs' letter, any amount "between the two figures would result in a settlement in the actual amount of the jury's award, subject only to the additional imposition of delay damages the court deems appropriate." The letter further stated that "[b]oth sides would agree that no appeal would be taken."

Defendants' reply letter stated that it was a confirmation that "the parties have agreed to binding high/low figures for the trial of this matter." The letter noted that the "guaranteed low figure is $50,000" and the "guaranteed high figure is $500,000." Defendants' letter clarified the agreement by stating that plaintiffs "will receive no less than $50,000" and "no more than $500,000, even if the jury verdict comes in for more, whether alone or including delay damages." The letter stated that "[i]f a verdict comes in between these figures, [plaintiffs] will receive the amount of that award, minus a deduction for any comparative negligence assessed, plus delay damages but, again, not in excess of $500,000." Defendants' letter agreed that there would be no appeal of the jury verdict.

The high/low agreement was orally presented to Judge Simpson by plaintiffs' attorney, who stated on the record that the parties had agreed that, "regardless of the verdict, including a defense verdict, [plaintiffs] will receive no less than $50,000 and no more than $500,000." Plain-

tiffs' attorney indicated that "delay damages and comparative negligence principles apply, but only up to the limits," and that "[b]oth parties agree not to take an appeal." Defendants' attorney made no additional statements regarding the high/low agreement at this time. The agreement was later addressed during trial at a side-bar discussion held on June 21, 2000, during which plaintiffs' attorney stated that the amounts had been amended so that the minimum was to be $100,000 and the maximum was to be $450,000. Defendants' attorney made no additional statements.

Plaintiffs assert that the high/low agreement was "expressly intended to constitute a final and global resolution of this litigation" and request that defendants not be permitted to "change the minimum payment provisions." It is plaintiffs' position that the jury verdict merely determined the settlement amount to be paid to plaintiffs and that the term "minimum payment $100,000" does not mean "$100,000 less defense costs in the event of a defense verdict." Plaintiffs submit that the defendants are "asking the court to add an additional term to this global settlement agreement in an attempt to partially deprive plaintiffs of the fruits of this contract."

Defendants assert that costs "were not within the parties' contemplation when the agreement was made and, therefore, are not part of the settlement." Defendants note that the agreement does not address costs or "indicate that they may not be recovered by the verdict winner." Defendants assert that they, "as the verdict winner, are [] entitled to recover [] costs." Defendants submit that plaintiffs are attempting to "read a term into the agreement"

and argue that where specific terms, such as delay damages, are addressed in the agreement, other terms, such as costs, "cannot thereafter be read into the agreement." It is defendants' position that the agreement placed a minimum and a maximum on the verdict and that "costs are a separate issue."

A high/low agreement constitutes a settlement. See *Power v. Tomarchio,* 701 A.2d 1371 (Pa. Super. 1997) (holding that a high/low agreement is a settlement under Pa.R.C.P. 2039); see also, *PMA Insurance Group v. W.C.A.B. (Kelley),* 665 A.2d 538 (Pa. Commw. 1995) (holding that a high/low agreement is a "compromise settlement" under the Workers' Compensation Act).

"It is well-established that '[t]he enforceability of settlement agreements is determined according to principles of contract law.' " *McDonnell v. Ford Motor Company,* 434 Pa. Super. 439, 445, 643 A.2d 1102, 1105 (1994) (quoting *Century Inn Inc. v. Century Inn Realty Inc.,* 358 Pa. Super. 53, 58, 516 A.2d 765, 767 (1986)). "A basic tenet of contract law is that when the language of a contract is clear and unambiguous its meaning must be determined by an examination of the content of the contract itself." *Lobaugh v. Lobaugh,* 753 A.2d 834, 836 (Pa. Super. 2000) (quoting *Little v. Little,* 441 Pa. Super. 185, 190, 657 A.2d 12, 15 (1995)). A court "must construe the contract only as written and may not modify the plain meaning under the guise of interpretation." *Id.*

While the high/low agreement itself did not expressly address the issue of costs, the language of the agreement is clear: the parties were entering into a settlement agreement whereby plaintiffs would receive no less than

$100,000 and no more than $450,000, regardless of the jury verdict. Defendants are now attempting to reduce this amount by asserting that plaintiffs are responsible for costs. Allowing defendants to recover costs would defeat the plain meaning of the agreement by reducing plaintiffs' recovery to less than $100,000. Thus, despite the fact that there was a jury verdict in this case, defendants are not entitled to recover costs under the language of the high/low agreement.

There is further support for this conclusion given the principle that when parties settle a case without providing for costs, each party pays his or her own costs. See Standard Pennsylvania Practice 2d §127:6 (West 2000). As previously discussed, the high/low agreement constitutes a settlement. In addition, the agreement contains no provision relating to costs. Thus, plaintiffs and defendants are responsible for their own costs.

Plaintiffs also make a motion for sanctions, asserting that defendants' filing of the bill of costs constitutes arbitrary, vexatious, frivolous, and harassing conduct. Plaintiffs request attorney's fees in the amount of $1,012.50, which is based upon the time expended in responding to defendants' bill of costs.

Defendants deny plaintiffs' assertions and allege that they are entitled to recover trial costs as a matter of right under the law as the verdict winner at trial. Defendants request the court to award $500 for fees incurred in preparing a response to plaintiffs' motion.

A party can recover attorney's fees as a sanction based on conduct of an opponent that is dilatory, obdurate, vexa-

tious, arbitrary or in bad faith. See 42 Pa.C.S. §2503. "An opponent's conduct has been deemed to be 'arbitrary' . . . if such conduct is based on random or convenient selection or choice rather than on reason or nature." *Thunberg v. Strause,* 545 Pa. 607, 615, 682 A.2d 295, 299 (1996). Conduct has been deemed "vexatious" if it is: (1) instituted without sufficient grounds in either law or fact and serving only to cause annoyance;[1] (2) instituted without reasonable cause;[2] or (3) lacking justification and intended to harass.[3] Standard Pennsylvania Practice 2d §127:61 (West 2000). "Frivolous" conduct has been described as "readily recognizable as devoid of merit in that there is little prospect of success." *PennDOT v. Grubb, supra* at 181, 618 A.2d at 1154. Whether to grant counsel fees as a sanction against another party rests within the sound discretion of the trial court. See *Newbrey v. Township and School District of Upper St. Clair,* 710 A.2d 96 (Pa. Commw. 1998); see also, *West v. Hampton Township Sanitary Authority,* 661 A.2d 459 (Pa. Commw. 1995).

There is a lack of case law addressing whether costs can be recovered after a jury verdict when there is a high/low agreement in effect. In addition, the high/low agreement did not specifically address costs. In light of these considerations, this court does not find that defendants' filing of the bill of costs constituted arbitrary, vexatious, frivolous or harassing conduct. Defendants have also

---

1. See *Thunberg v. Strause, supra.*

2. See *PennDOT v. Grubb,* 152 Pa. Commw. 178, 618 A.2d 1152 (1992).

3. See *McDade v. Garland,* 10 D.&C.4th 198 (York Cty. 1991).

failed to demonstrate that they are entitled to an award of attorney's fees. Thus, neither defendants nor plaintiffs are entitled to recover attorney's fees.

## CONCLUSION

The language of the high/low agreement is clear in that plaintiffs are to receive no less than $100,000 as a result of the settlement. An award of costs to defendants would contradict the plain meaning of the agreement by diminishing plaintiffs' recovery and, therefore, cannot be permitted. Additionally, the general rule is that when costs are not provided for in a settlement, each side is to pay his or her own costs. Furthermore, neither party is entitled to recover attorney's fees incurred in the resolution of this matter.

Wherefore, we enter the following:

## ORDER

And now, November 13, 2000, upon consideration of plaintiffs' objections to defendants' bill of costs and motion for sanctions and defendants' response thereto and request for attorney's fees, it is hereby ordered that plaintiffs' objections to the bill of costs are granted, defendants' bill of costs is denied, and both parties' requests for attorney's fees are denied.